IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 2:18-cv-00504-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S MOTION FOR LEAVE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS**

  Defendant Google LLC ("Google") seeks leave, pursuant to Local Patent Rule 3-6(b), to supplement its invalidity chart concerning the PhoneFactor system with additional information that Google recently received from Microsoft Corporation ("Microsoft") in response to a subpoena Google served prior to serving its invalidity contentions. Google diligently sought the additional information from Microsoft, the supplemental invalidity chart related to the PhoneFactor system are important, and supplementation will not prejudice Uniloc or impact the case schedule. Accordingly, good cause exists for allowing the proposed supplementation that Google requests.

**I.  BACKGROUND**

  On July 15, 2019, Google timely served its initial invalidity contentions for U.S. Patent No. 8,949,954 (the "'954 patent"). As part of preparing these invalidity contentions, Google located relevant prior art, including the PhoneFactor system and publicly available documents related to the PhoneFactor system. Google drafted an invalidity chart asserting that the

PhoneFactor system, in combination with one or more references, renders obvious the asserted claims of the '954 patent.  See Nguyen Decl. Ex. 1.  During preparation of Google's invalidity contentions based on the PhoneFactor system and before contentions were due, Google subpoenaed Microsoft Corporation ("Microsoft")[1]  for documents related to that system and served Uniloc with notice of the subpoena.  Microsoft produced documents relating to the PhoneFactor system on the morning of July 15, 2019, the day Google's invalidity contentions were due.  Nguyen Decl. ¶ 3.  Google diligently incorporated information from the document production into its invalidity charts that it served pursuant to P.R. 3-3 that evening.  Google also produced Microsoft's document production to Uniloc that same day.

Microsoft also indicated that it would make its source code available for inspection at a later time.  Thus, Google could not review and incorporate any PhoneFactor source code into the July 15 invalidity claim chart evidencing the features and functions that were available to users of the PhoneFactor system.  In its invalidity contentions, Google expressly reminded Uniloc of the then-pending third party subpoenas and explicitly reserved its right to supplement its contentions after receiving any additional discovery.  *See* Nguyen Decl. ¶ 3.

Google met and conferred with Microsoft regarding the timing and location of the source code review and informed Uniloc that Microsoft wanted Uniloc to review the source code in temporal proximity to Google's review.  Google did not receive access to Microsoft's source code production, however, until August 14, 2019.  *See* Nguyen Decl. ¶¶ 5-6. Google's source code expert and counsel reviewed the source code on two consecutive days from August 14-15, 2019.  Nguyen Decl. ¶ 8.  Google made requests for paper copies of source code in accordance

---

[1] Microsoft acquired PhoneFactor Inc., the creator of the PhoneFactor System in October 2012.  *See* https://news.microsoft.com/2012/10/04/microsoft-acquires-phonefactor/.

with the Protective Order entered in this case and received paper copies of the source code from Microsoft on August 19, 2019.  Nguyen Decl. ¶ 8.  During the last half of August and the first half of September, both Google's source code expert and outside counsel were traveling.  Nguyen Decl. ¶ 9.  Google's source code expert was also engaged in preparation for a trial and trial from September 9 through 20.  Nguyen Decl. ¶ 9.  Navigating these constraints on availability, Google's counsel worked diligently with its source code expert to understand the highly complex source code and its interrelation with the relevant features and to integrate that information into its contentions in as complete a manner as possible.  Nguyen Decl. ¶ 9.  Google drafted a supplemental invalidity chart for the PhoneFactor system to add those source code documents that were received from Microsoft and incorporate the additional information gleaned from the source code review to provide as accurate as possible contentions. Nguyen Decl. ¶ 9.  This effort took some amount of time to complete given the schedules of Google's counsel and its expert, and Google provided the supplemental invalidity chart to Uniloc on September 17, 2019.  Nguyen Decl. ¶ 11.  At the time, Google also requested Uniloc's consent to file an uncontested motion for leave to file supplemental contentions. *Id*.  Despite multiple follow-up emails, Uniloc did not respond to Google's request until October 2, 2019, at which time it agreed to meet and confer on October 7, 2019.  Nguyen Decl. ¶ 12.  During a meet and confer between the parties on October 7, 2019, Uniloc stated it will oppose this motion on the basis that the source code that Google identifies as support for its contention is not itself public.  As discussed below, this is not a relevant consideration because Google contends that the PhoneFactor system implemented by the source code was in public use more than a year before the critical date for the '954 patent.

Google provided a supplemental chart including relevant portions of the PhoneFactor source code to Uniloc early in the case, before the parties exchanged preliminary claim constructions on September 26, 2019, and more than two months before the parties will submit opening Markman briefs. Over six months remain before fact discovery closes on March 30, 2020, and more than seven months remain before expert discovery closes on May 11, 2020. See Dkt. 41 at 2-4.

## II.  GOOD CAUSE EXISTS FOR GOOGLE'S SUPPLEMENTATION OF THE PHONEFACTOR INVALIDITY CHART

### A.  Legal Standard

Patent Rule 3-6(b) allows a party to amend or supplement its invalidity contentions upon a showing of good cause. Courts in this District have broad discretion to grant leave and consider four factors to determine whether good cause exists: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Alt v. Medtronic, Inc.*, Case No. 2:04-cv-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006). All these factors weigh in favor of granting Google leave to supplement its invalidity contentions.

### B.  Good Cause Exists for This Supplementation

#### 1.  Google Diligently Sought Discovery from Microsoft

Google has exercised diligence in developing its invalidity theories and preparing its invalidity contentions. During its prior art search, Google identified the PhoneFactor system. As part of its investigation, Google identified several patents it believed to describe the system. Google promptly subpoenaed Microsoft for documents concerning the functionality of the PhoneFactor system. That subpoena issued on July 11 2019, near the start of fact discovery in

4

this case. Microsoft produced some documents responsive to the subpoena on July 15, 2019. Upon receiving Microsoft's initial production, Google acted quickly to supplement its invalidity chart, specifically providing the underlying documents to Uniloc and incorporating information from them into its invalidity contentions that day. *See* Nguyen Decl. ¶ 3.

Although Google attempted to quickly schedule the inspection of source code, Microsoft stated that it wanted any inspection by Uniloc to occur in close temporal proximity to Google's inspection to reduce the burden on Microsoft. Despite several emails from Google's counsel, Uniloc would not confirm that it would inspect source code. Although Uniloc did not substantively respond to Microsoft's request, Microsoft made its source code available on August 14, 2019. After completing its inspection of source code on August 15, 2019, Google promptly requested paper copies of relevant portions of source code comprising about 150 pages, which it received on August 19, 2019. Working around travel schedules and its expert's trial preparation and trial in another matter, Google diligently incorporated this source code into its invalidity chart and provided its supplemental chart to Uniloc on September 17, 2019. This work included attorney and expert analysis of the highly complex source code and incorporation of citations to relevant functions and line numbers of source code into a supplemental chart with explanation of how the code pertained to the asserted claims of the '954 patent.

Although this motion was not filed until October 8, 2019, the passage of time between September 17, 2019 until the filing of this motion is solely attributable to Uniloc. Uniloc did not respond to Google's request for consent to supplement its contentions until October 2, 2019, despite multiple emails requesting a response. *See* Nguyen Decl. ¶¶ 11-12. Google's diligence to minimize any delay in obtaining production of third-party documents further supports a finding of good cause. *See Performance Pricing, Inc. v. Google, Inc.*, Case No. 7–CV–432,

2009 U.S. Dist. LEXIS 84211 (E.D. Tex. Sept. 15, 2009) (finding a more than one month interval between the receipt of information and supplementation of infringement contentions was not unreasonable). This factor, therefore, weighs in favor of granting Google leave to supplement its invalidity contentions. *See id.*; *Evicam Int'l, Inc. v. Enf't Video, LLC*, Case No. 4:16-cv-00105, 2016 WL 6600605, at *2 (E.D. Tex. Nov. 8, 2016) (finding defendant exercised diligence in filing its motion seeking leave to supplement one month after it served its initial invalidity contentions).

### 2. Google's PhoneFactor Chart Is Important To Its Invalidity Defense

The requested supplementation to Google's PhoneFactor invalidity chart is important to Google's defense. The PhoneFactor system was released in the United States over four years before the earliest claimed priority date for the '954 patent. Accordingly, it was in public use more than a year before the '954 patent's critical date, see 35 U.S.C. § 102(b) (pre-AIA), and the PhoneFactor system included many of the limitations of the asserted claims of the '954 patent. The requested supplementation to Google's PhoneFactor chart is based only on those documents and information produced by Microsoft in response to Google's subpoena after Google initially served its invalidity chart. Specifically, Google's supplementation adds disclosure of: (a) source code citations for portions of code that perform claimed steps of the '954 patent and (b) based on the source code, an additional contention that a person of ordinary skill in the art would be motivated to combine one feature of other prior art references with the PhoneFactor system. These disclosures provide additional support for Google's original disclosure of the PhoneFactor system and clarification of the disclosures in the publicly available patents and from Microsoft's initial production. Google would be significantly prejudiced if it is not allowed to present this additional disclosure concerning the PhoneFactor system's functionality to the Court and jury to establish the invalidity of the '954 patent.


Uniloc indicated to Google during the Parties' October 7, 2019 meet and confer that it opposes this motion because it believes that non-public source code cannot be evidence in support of an invalidity defense. Uniloc's position is incorrect as a matter of law. *See Netscape Commc'ns Corp. v. Konrad*, 295 F.3d 1315, 1323 (Fed. Cir. 2002) (whether source code was publicly available does not negate whether a system was prior art "in public use"); *Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997) (holding that public use of the high-level aspects of a system is enough to make the system prior art, even if "essential algorithms" that made the system operate were not public). Here, it is immaterial whether or not the source code itself was non-public. The source code is cited by Google to shows how a publicly-used system operated and how members of the public, including persons of ordinary skill in the art, would have interacted with and understood the features and functionality of the PhoneFactor system with which they interacted.

### 3. Uniloc Will Not Be Prejudiced By Google's Supplementation

Uniloc will not be prejudiced by Google's supplementation of the PhoneFactor system invalidity chart. Google disclosed the PhoneFactor system as prior art in its initial invalidity contentions, and Google disclosed the supplemental chart to Uniloc on September 17, 2019, at the early stages of discovery and months before opening *Markman* briefs are due. *See* Dkt. 41 at 2-4. Uniloc has had, and will have, ample time to consider the additional disclosures, which pertain to only one prior art reference and involve only one invalidity chart. Uniloc will have had nearly one month to review and consider the supplemental disclosures before the parties finalize their claim construction positions, and many months more before it will argue those positions. *Evicam,* 2016 WL 6600605, at *2 (finding no prejudice when amendments to invalidity contentions were made two months before claim construction briefing and four months before *Markman).* Although Uniloc has already had the opportunity to review Microsoft's

source code and declined to do so, many months remain before fact discovery closes on March 30, 2020, and expert discovery closes on May 11, 2020.  This provides Uniloc ample time to address the additional disclosure from the Microsoft source code production.

Courts in this District have readily granted leave to amend invalidity contentions under similar circumstances.  *See, e.g.*, *Comput. Acceleration Corp. v. Microsoft Corp.,* 481 F. Supp. 2d 620, 625-26 (E.D. Tex. 2007) (allowing defendant to amend invalidity contentions, finding that amendment one month before *Markman* and four months before the discovery deadline would not prejudice plaintiff); *Evicam*, 2016 WL 6600605, at *3-4 (no unfair prejudice where Plaintiff was provided proposed supplement approximately seven months before close of discovery).

Further, Uniloc received notice of the Microsoft subpoena when it was served and the PhoneFactor system was timely disclosed to Uniloc in Google's initial invalidity contentions. As Google stated in its letter to Uniloc on September 17, 2019, the only additions to Google's supplemental invalidity chart are based on Microsoft's source code production, with additions reflected in track changes.  *See* Nguyen Decl. Ex. 2.[2]  No other modifications to the invalidity chart were made.  *Id.*  Google alerted Uniloc to Microsoft's production of source code and invited Uniloc to inspect the code.  Google promptly provided its revised invalidity chart to Uniloc after receiving paper printouts of the source code and completing its analysis with its expert.

---

[2] Although the supplemental claim chart also adds a small number of additional citations to documents other than source code for the purpose of explaining Google's obviousness contentions, these amendments are proposed based on information learned in the Phone-Factor source code.  Nguyen Decl. ¶ 9.

8

US 166846215v7

For these reasons, Uniloc would not suffer any prejudice from Google being allowed to supplement its invalidity contentions. As such, factor three weighs in favor of granting Google leave to supplement its invalidity contentions.

### 4. No Continuance of Any Deadlines Is Required

No adjustment to this Court's schedule is required if leave to supplement is granted, and there will be no material impact on the litigation in this case. As discussed above, Uniloc would suffer no prejudice by the Court granting Google's motion to supplement. This case is in its early stages and many months remain for claim construction and fact and expert discovery. As a result, no proceedings or other deadlines will be impacted. This factor also weighs in favor of supplementation.

### III. CONCLUSION

For the reasons stated above, Google respectfully requests that the Court grant it leave to supplement its invalidity contentions to include the additional disclosure to its PhoneFactor system invalidity chart as depicted in Nguyen Declaration Exhibit 2.

| | |
|---|---|
| Dated: October 8, 2019 | */s/ David A. Caine* |
| | Michael E. Jones |
| | State Bar No. 10929400 |
| | mikejones@potterminton.com |
| | POTTER MINTON, P.C. |
| | 110 N. College Ave., Suite 500 |
| | Tyler, Texas 75702 |
| | Tel: 903-597-8311 |
| | Fax: 903-593-0846 |
| | |
| | Michael A. Berta |
| | Michael.berta@arnoldporter.com |
| | ARNOLD & PORTER |
| | KAYE SCHOLER LLP |
| | Three Embarcadero Center |
| | 10th Floor |

US 166846215v7

San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

Nicholas H. Lee
Nicholas.lee@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4000
Fax: 213-243-4199

David A. Caine
David.Caine@arnoldporter.com
Bonnie Phan
Bonnie.Phan@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
3000 El Camino Real Five Palo Alto Square, Suite 500
Palo Alto, CA  94306-3807
Tel: 650-319-4500
Fax: 650-319-4700

Nicholas M. Nyemah
nicholas.nyemah@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC  20001-3743
Tel: 202-942-5000
Fax: 202-942-5999

Mark Samartino
mark.samartino@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL  60602-4231
Tel: 312-583-2300
Fax: 312-583-2360

*Attorneys for Google LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 8, 2019, a true and correct copy of the foregoing was served to the parties' counsel of record via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

/s/ David A. Caine

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Defendant, Patrick Clutter, Michael Berta and David Caine, spoke with counsel for Plaintiff, James Ethridge and Ryan Lovelass, by phone on October 7, 2019, and counsel for Plaintiff indicated that they were opposed to the relief requested by this motion.

/s/David A. Caine