# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 2:18-cv-00504-JRG<br><br>JURY TRIAL DEMANDED |

## DECLARATION OF MICHAEL D.K. NGUYEN IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION FOR LEAVE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS

I, Michael D.K. Nguyen, declare as follows:

1. I am an attorney licensed in California. I am an associate with the law firm of Arnold & Porter Kaye Scholer LLP and counsel for Defendant Google LLC ("Google") in this action. I have personal knowledge of the facts in this declaration, and, if called as a witness, would testify competently to them. I make this declaration in support of Google's Motion for Leave to Supplement Its Invalidity Contentions.

2. On July 11, 2019, Google issued a subpoena to Microsoft seeking documents relating to a prior art system known as PhoneFactor, which had been identified during Google's initial investigation of prior art.

3. On the morning of July 15, 2019, Microsoft produced a small number of documents pursuant to that subpoena and stated that it might produce responsive source code. Google's counsel quickly reviewed and incorporated citations to Microsoft's initial production into a claim

chart, which it served as part of its P.R. 3-3 invalidity contention disclosures.  Google served this claim chart on July 15, 2019.  There were a number errors in the originally-served claim chart and on July 16, 2019 Google served a corrected version of the claim chart.  Google's P.R. 3-3 disclosures explicitly stated that:

> Additionally, Defendant reserves the right to present additional items of prior art . . . located during the course of such discovery. . . .  This includes, for instance, the issuance of currently-pending subpoenas to third parties believed to have knowledge, documentation, and/or corroborating evidence concerning some of the prior art listed below and/or additional prior art.

4.      A true and correct copy of the corrected PhoneFactor claim chart served on July 16, 2019 is attached hereto as Exhibit 1.

5.      Subsequently, counsel for Microsoft and Google met and conferred regarding the timing of the production of source code.  On July 31, 2019, counsel for Microsoft confirmed that Google would be able to review Microsoft's source code available on August 14-15, 2019, but stated that any review by Uniloc would need to be made just before or after that window.

6.      On August 1, 2019, I emailed counsel for Uniloc informing them that Google intended to review Microsoft's source code on August 14-15, 2019 and that Microsoft's counsel requested that any review of source code by Uniloc be made in temporal proximity to Google's review.  Uniloc's counsel did not respond to my email.

7.      On August 7, 2019, I again emailed counsel for Uniloc to remind them of Microsoft's request.  I also copied counsel for Microsoft on that email.

8.      Starting on August 14, 2019, I reviewed Microsoft's source code along with Google's expert Dr. Benjamin Goldberg at the offices of Davis Wright Tremaine LLP in Seattle, Washington.  The source code was highly complex consisting of dozens, if not hundreds of files.  At the conclusion of our review, we requested that Microsoft provide paper copies of

approximately 150 pages of the source code, in accordance with the Protective Order. On August 19, 2019, I received the requested paper copies of source code from Microsoft.

9.      In the subsequent weeks, Dr. Goldberg had limited availability, as it was my understanding that he was traveling in second half of August and had trial preparation and a trial from September 9 through 20. I was also was traveling from September 6 through 10. Despite these scheduling constraints, I worked with Dr. Goldberg to understand the produced source code and its interrelation with the relevant features of the PhoneFactor system and to analyze Google's existing contentions in light of the source code to integrate that information into the contentions in as complete a manner as possible. Based this analysis, Google edited its original contentions to incorporate citations to source code and information regarding the operation of the PhoneFactor system learned from the source code produced by Microsoft to provide as accurate as possible contentions. The changes to the PhoneFactor claim chart included adding citations to and explanations of Microsoft source code, additional citations to publicly-available documents, and additional citations for the purpose of explaining Google's theory of obviousness with a focus on one claim limitation. All of these changes were made based on information about the PhoneFactor system that was learned from the review of Microsoft's source code.

10.     A true and correct copy of a "redline" version of Google's claim chart showing the these changes is attached hereto as Exhibit 2.

11.     On September 17, 2019, using a secure online delivery system, I transmitted a letter from David A. Caine providing the supplemental claim chart to Uniloc and requesting Uniloc's consent to file an uncontested motion for leave to file supplemental contentions. On September 18, 2019, I received electronic confirmation that both Ryan Loveless and James Etheridge, counsel for Uniloc had downloaded Mr. Caine's letter and the attached claim chart.

12.     On September 25, 2019 and October 1, 2019, I followed up with counsel for Uniloc requesting Uniloc's availability to meet and confer.  Counsel for Uniloc did not provide any response until October 2, 2019.  After a series of emails, on October 3, 2019, Uniloc's counsel confirmed availability to meet and confer on October 7, 2019.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 8, 2019.

By: */s/ Michael D.K. Nguyen*

US 166887865v3