**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC | |
| Plaintiff, | Case No. 2:18-cv-00504-JRG |
| v. | JURY TRIAL DEMANDED |
| GOOGLE LLC, | |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR**
**LEAVE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS**

**INTRODUCTION**

Google's opening brief established good cause to supplement its invalidity contentions concerning the PhoneFactor system and, further, that Uniloc would suffer no prejudice from the supplementation.  Dkt. 83.  The three arguments that Uniloc makes in opposition are contrary to the record, in conflict with settled precedent and do not rebut Google's evidence and arguments.

First, Uniloc argues that it has been unable to review the source code printouts cited in Google's proposed supplementation and thus is unable to respond to Google's invalidity arguments.  This is incorrect.  Microsoft made its source available for inspection by all parties, and Uniloc declined to review it.  Uniloc has made no attempt to follow the procedures laid out in the Protective Order to obtain copies of the source code printouts from Microsoft.  And, in light of the concerns Uniloc raises, Google has even offered to seek Microsoft's permission to produce the source code printouts that it obtained.

Second, Uniloc characterizes Google's motion as seeking to introduce "new art," and argues that Google was not diligent in discovering this art.  Again, this is incorrect.  Google included the PhoneFactor system in its original invalidity contentions and diligently subpoenaed Microsoft for source code before serving its contentions.  Google now seeks to supplement its contentions based on that source code, which further detailed the functionality of the system.

Finally, Uniloc argues that the source code printouts are not prior art and are inadmissible to support Google's invalidity contentions.  This is incorrect as a matter of law and, even if it were correct, it is irrelevant at this stage of litigation.

## I.  UNILOC HAS HAD AMPLE OPPORTUNITY TO REVIEW THE PHONEFACTOR SOURCE CODE

Uniloc wrongly argues that it has been prejudiced because it has not been provided access to Microsoft's PhoneFactor source code. P.R. 3-4 requires the party opposing a claim of patent

1

infringement to "produce or **make available for inspection and copying** . . . a copy of each item of prior art." (emphasis added). Google fulfilled its obligation by informing Uniloc that Microsoft would allow Uniloc to review the source code. Dkt. 83-2 (Nguyen Decl.), ¶¶ 6-7 Uniloc declined to do so. *Id.* Although the parties recollections of the meet and confer differ, once Uniloc clarified that it was asking whether Google would produce copies of the source code printouts, Google reminded Uniloc that Microsoft designated the source code as HIGHLY CONFIDENTIAL - SOURCE CODE under the Protective Order (Dkt. 51) and that the Protective Order has no provision allowing a party receiving source code to make further copies for other parties to the case. Dkt. 105-2, (Loveless Decl. Ex. A). Google informed Uniloc that it would need Microsoft's permission to obtain copies of source code. *Id.*

Furthermore, Paragraph 10(i) of the Protective Order allows Uniloc to directly request copies of the source code printouts and provides that the Producing Party shall produce "any pages requested by the Receiving Party." Dkt. 51. Uniloc may **still** request copies of the source code printouts from Microsoft, but again has thus far declined to do so.[1] Any prejudice based on Uniloc's inability to review the source code printouts is thus caused by Uniloc's inaction.

Uniloc further argues that it is prejudiced because Uniloc's outside counsel is unable to share portions of the amended claim chart containing source code materials with its client. However, Uniloc cites no case law in support of its contention that counsel's inability to share confidential third-party source code with a client representative is cognizable prejudice. Parties routinely operate under protective orders that prohibit outside counsel from disclosing to client

---

[1] In a further effort to address Uniloc's contention that it would be prejudiced by the proposed supplementation, counsel for Google offered to seek permission from Microsoft to provide Uniloc with copies of the source code printouts that Microsoft produced to Google at Google's request. Nguyen Suppl. Decl. ¶ 2 & Ex. 1. Uniloc did not accept Google's offer.

representatives confidential information produced in discovery by an opposing or third-party. This case is no different.

## II.    GOOGLE WAS DILIGENT

Uniloc asserts that Google was not diligent in seeking discovery because Google did not subpoena Microsoft until four days before it served its invalidity contentions and did not seek amendment until approximately one month after reviewing the Microsoft source code.  The Court, however, has granted leave to amend even where a prior art search did not occur until after invalidity contentions were due.  *See, e.g., Uniloc 2017, LLC v. Google LLC*, 18-cv-00500-JRG-RSP (E.D. Tex. October 9, 2019) (Dkt. 103) (counsel did not discover "Hanami" reference until approximately three weeks after deadline for invalidity contentions).  Moreover, the Court has recognized that a one-month interval between the receipt of confidential information and a request to supplement does not show a lack of diligence.  *Performance Pricing, Inc. v. Google*, Inc., Case No. 7–CV–432, 2009 U.S. Dist. LEXIS 84211, at *10 (E.D. Tex. Sept. 15, 2009).

The single case Uniloc cites, *Innovative Display Technologies v. Acer Inc.*, Case No. 2:13-cv-522-JRG, Dkt. 71 at 2 (E.D. Tex. June 19, 2014), is inapposite.  In that case, the defendants did not discover the additional prior art until nearly three months after the invalidity contention deadline and provided no explanation of their failure to discover the art earlier other than that "recognized the possibility that new art may be identified and therefore included in its Invalidity Contentions a reservation of rights to supplement its Invalidity Contentions."

Here, Uniloc fails to address the relevant facts and cannot show lack of diligence.  Uniloc did not identify the asserted claims and did not serve its infringement contentions until May 2019.  Following Uniloc's selection of asserted claims, Google analyzed the infringement contentions, evaluated the prior art, determined that the PhoneFactor system was applicable and properly sought third-party discovery from Microsoft *before* serving its invalidity contentions.

3

After reviewing the source code and receiving paper printouts from Microsoft, Google's counsel worked with a source code expert to understand and incorporate specific citations to source code during a period when both were traveling.  *See* Dkt. 83 at 2-3.  Google sought to amend its existing PhoneFactor system contentions in less than one month.

## III.    UNILOC'S ARGUMENTS THAT PHONEFACTOR DOES NOT CONSTITUTE PRIOR ART ARE IRRELEVANT AND INCORRECT

Uniloc contends that Google's supplemental charts for the PhoneFactor system are improper because "do not qualify as prior art.' Dkt. 105 at 5-6.  This argument fails for several reasons.  As a threshold matter, whether a reference or supporting documentation qualifies as prior art is an evidentiary issue that is not properly addressed at the stage of supplementing invalidity contentions.  As courts in this District recognize, a party "is allowed to rely on materials … obtained throughout the course of discovery in a given case to support and expand upon the theories disclosed in the invalidity contentions."  *Realtime Data LLC v. Echostar Corp.,* 6:17-CV-00084, Dkt. 163 (E.D. Tex. Aug. 24, 2018).  Thus, "[t]o the extent necessary, any challenge to the use of or reliance on these documents can be brought via a Daubert motion or as a motion in limine or exhibit objections during pretrial proceedings." *Id.*

Putting this aside, Uniloc fundamentally misunderstands the law regarding prior art and Google's use of Microsoft's documentation.  There is no dispute that the PhoneFactor system is prior art and was in public use before the critical date of the patent-in-suit.  Accordingly, once a system is in "public use," all of the features of that product are prior art, regardless of whether they are openly visible.  *See, e.g., New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1297 (Fed. Cir. 2002).  Thus, "while prior art is not confidential, documents about prior art may be confidential."  *Telecomm. Sys., Inc. v. Mobile 365, Inc.*, 2009 WL 5943235, at *7 (E.D. Va. Mar. 31, 2009).  Indeed, the law is well-settled that a third-party's confidential documents

4

can be used to verify the features of a publicly-available, prior-art product.  *See, e.g.*, *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997); *K Tech Telecomm., Inc. v. Blonder Tongue Lab., Inc.*, 2013 WL 12080965, at *4 (C.D. Cal. Aug. 29, 2013), *aff'd* 562 F. App'x 972 (Fed. Cir. 2014); *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 453-54 (E.D. Va. 2011) (a prior-art system "need not outwardly describe the full structure of the invention for all to see and recognize, it need simply embody that invention").  Here, Google's supplemental charts do precisely what the case law deems permissible and appropriate.  They reference confidential source code that verifies the features of a publicly available, prior-art system.

The cases Uniloc cites do not hold otherwise.  In *Vulcan Engineering*, a prior art system was built to perform a task, but was disassembled soon after it was built because it was inoperable.  *Vulcan Eng'g Co., Inc. v. Fata Aluminium, Inc.*, 278 F.3d 1366, 1372 (Fed. Cir. 2002).  The case stands for the proposition that a system cannot have been "in public use" when it was never, in fact, used.  *See id.*  In *W.L. Gore*, the Federal Circuit held that a third party's sale of a machine—the Cropper machine—that was used in secret to perform the claimed *process* was not a public use of the claimed *process*.  *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.3d 1540, 1549-50 (Fed. Cir. 1983).  Here, the asserted claims are *system* claims, and Uniloc does not dispute that the PhoneFactor *system* was publicly used.

## CONCLUSION

For the preceding reasons and those set forth in Google's opening brief, Google respectfully requests that the Court grant Google's motion to supplement its invalidity contentions with respect to the PhoneFactor system.

Dated:  November 6, 2019

*/s/ David A. Caine*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

Michael A. Berta
Michael.berta@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

Nicholas H. Lee
Nicholas.lee@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4000
Fax: 213-243-4199

David A. Caine
David.Caine@arnoldporter.com
Michael D.K. Nguyen
Michael.Nguyen@arnoldporter.com
Bonnie Phan
Bonnie.Phan@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
3000 El Camino Real Five Palo Alto Square,
Suite 500
Palo Alto, CA  94306-3807
Tel: 650-319-4500
Fax: 650-319-4700

Nicholas M. Nyemah
nicholas.nyemah@arnoldporter.com

ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC  20001-3743
Tel: 202-942-5000
Fax: 202-942-5999

Mark Samartino
mark.samartino@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL  60602-4231
Tel: 312-583-2300
Fax: 312-583-2360

*Attorneys for Google LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 6, 2019, a true and correct copy of the foregoing was served to the parties' counsel of record via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ David A. Caine*
David A. Caine