FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017, LLC | § | CIVIL CASE NOS. 2-18-cv-00491, 492, |
| Plaintiff, | § | 493, 494, 495, 496, 497, 499, 500, 501, |
| v. | § | 502, 503, 504, 548, 550, 551, 552, 553 |
| | § | |
| GOOGLE LLC, | § | *FILED UNDER SEAL* |
| Defendant. | § | |
| | § | **JURY TRIAL DEMANDED** |

**RESPONSE OPPOSING GOOGLE LLC'S MOTION TO DISMISS FOR
LACK OF STANDING AND IMPROPER VENUE[1]**

---

[1] Because this response contains voluminous exhibits, all of which are identical in each of the 18 filings, Uniloc is uploading the exhibits only to Case No. 2:18-cv-00548 to reduce the burden on Court and party resources.  Cites to Uniloc's exhibits herein refer to the exhibits attached to Uniloc's response in the 548 case.  Uniloc is serving the exhibits on counsel in all 18 cases.

**Table of Contents**

I.      FACTUAL BACKGROUND ........................................................................................2

II.     ████████████████████████████████████████████████

        ██     ████████████████████████████████████████████

               ██      ████████████████████████████████████████

               ██      ████████████████████████████████████████

               ██      ████████████████████████████████████████

               ██      ████████████████████████████████████████

        ██     ████████████████████████████████████████████

III.    Venue is proper in this District under § 1400(b) .............................................13

        A.      Google has a regular and established place of business in this District.................13

                1.      Google's GGC serves (and the place they occupy) are regular and established
                        places of business. .......................................................................13

                2.      Google's █████████████████████ are Google's regular and
                        established places of business .........................................................16

                3.      Google's ████████ a regular and established place of business............23

                4.      ██████████████ are regular and established places of business ...............26

                5.      The statute does not require a "nexus" between acts of infringement and the
                        regular and established place of business .......................................26

        B.      Uniloc's complaints allege acts of infringement in this District............................26

                1.      Pre-suit knowledge is not required. ................................................27

                2.      Google had pre-suit knowledge. .....................................................27

                3.      Google erroneously assumes all alleged infringing activity must have occurred
                        in this District...............................................................................27

**Table of Authorities**

<u>**Cases**</u>

*Achates Reference Pub., Inc. v. Symantec Corp.*,
   2:11-CV-294-JRG-RSP, 2013 WL 693955
   (E.D. Tex. Jan. 10, 2013) ................................................................................ 27

*Alfred E. Mann Found. For Sci. Research v. Cochlear Corp.*,
   604 F.3d 1354 (Fed. Cir. 2010) ................................................................. 10-11, 22

*Cafferty v. Scotti Bros. Records, Inc.*,
   969 F. Supp. 193 (S.D.N.Y. 1997) ............................................................... 5

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) .................................................. 15, 19, 22, 25

*In re Huntington*,
   ADV 11-4015-BDL, 2013 WL 6098405 (B.A.P. 9th Cir. Oct. 29, 2013). ............................... 5

*In re Provider Meds, L.L.C.*,
   907 F.3d 845 (5th Cir. 2018) ...................................................................... 5

*Kibler v. Transcon. & W. Air*,
   63 F. Supp. 724, 726 (E.D.N.Y. 1945) ......................................................... 21

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) ........................................................ 10, 13, 19, 27

*Luminara Worldwide, LLC v. Liown Elecs. Co.*,
   814 F.3d 1343 (Fed. Cir. 2016) ................................................................. 11

*SEVEN Networks, LLC v. Google LLC*,
   315 F. Supp. 3d 933 (E.D. Tex. 2018) ................................................... *passim*

*SiRF Technology, Inc. v. International Trade Com'n*,
   601 F.3d 1319, 94 USPQ2d 1607 (Fed. Cir. 2010) ........................................... 3

*Super Interconnect Techs. LLC v. Google LLC*,
   2:18-CV-00462-JRG, 2019 WL 3717683 (E.D. Tex. Aug. 7, 2019) ............ 5, 11, 13-14, 25

*Thales Alenia Space France v. Thermo Funding Co., LLC*,
   959 F. Supp. 2d 459 (S.D.N.Y. 2013) ........................................................ 4

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
   2:13-CV-44-JRG, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) ........................................... 27

*Uniloc USA, Inc. v. Apple, Inc.*,
   No. C 18-00360-WHA (N.D. Cal.) (Jan. 17, 2019) .................................................................... 1

*WiAV Solutions LLC v. Motorola Inc.*,
   631 F.3d 1257 (Fed. Cir. 2010) ................................................................................................. 11

*Zimmerman v. Cohen*,
   236 N.Y. 15, 139 N.E. 764 (1923) ............................................................................................. 5

## **Statutes**

28 U.S.C. § 1400 ................................................................................................................. 22, 26

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## **INTRODUCTION**

Google has filed motions to dismiss in multiple cases filed by Uniloc 2017 LLC ("Uniloc 2017") on November 17, 2018 (the "November Cases")[1] and December 30, 2018 (the "December Cases").[2]  To reduce the burden on the Court and the parties, this response addresses each of Google's motions in one paper. [3]

---

[1] The November Cases or "first wave" cases are 2:18-cv-00491 – 504.

[2] The December Cases or "second wave" cases are 2:18-cv-00548 – 554.

[3] Uniloc cites to Google's motions collectively as "MTD" herein.  Unless otherwise stated, cites to exhibit numbers or page numbers in Google's motion refer to the motion filed as Dkt. 106 in case 2:18-cv-00491.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███████████████

Google's motion to dismiss for improper venue should be denied because Google has committed acts of infringement in this District and has a regular and established place of business in this District.

## I.    FACTUAL BACKGROUND

███████████████████████████████████████

█████████████████████████████████████████

██

███████████████████████████████████████

████████████        ██████████████████████

████████████████████████████████████████

████████████████████████

███████████████████████████████████████

████████████████████████████████████████

██████████████████████████

███████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████

███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████

This case was filed **after November 16, 2018**.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**II.**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER



FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER



FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER



FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER



## III.   VENUE IS PROPER IN THIS DISTRICT.

Venue is proper in this District because Google has committed acts of infringement here and has a regular and established place of business here.

### A.   Google has regular and established places of business in this District.

#### 1.  Google's GGC servers (and the place they occupy) are regular and established places of business.

In *SEVEN Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933 (E.D. Tex. 2017), this Court found Google's GGC servers in this District (and the spacy they occupied) were a regular and established place of business of Google because "(1) Google's business is delivering online content to users, and (2) the GGC servers are part of Google's three-tired network that conducts this very activity."   *Super Interconnect Techs. LLC v. Google LLC*, 2:18-CV-00462-JRG, 2019 WL 3717683, at *2 (E.D. Tex. Aug. 7, 2019) (explaining *SEVEN*).   This Court recognized that Google's GGC servers functioned much like warehouses that Google had integrated into its logistical operations, making them part of its network for delivering content. *SEVEN*, 315 F. Supp. 3d 933, 960 (E.D. Tex. 2018).

Regarding the November Cases, Google admits the material facts are indistinguishable

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

from *SEVEN*[18] but urges this Court abandon *SEVEN*.  This Court has already denied Google's

request to abandon *SEVEN* and should do so again here.  *See Super Interconnect*, 2019 WL

3717683, *1.

The "regular and established place of business" requirement is also satisfied in the

December Cases because GGC servers continue to form a part of Google's three-tiered network

that conducts Google's business of delivering online content to users ███████████████████

██████████████████████   ████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████   Lusztig[19] Decl., Ex. 3 – 7.   ██████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████

█████████████████████████████████████████████████

████████████████████████████████████   There should, however, be an adverse inference

against Google ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

---

[18] Richins Decl., Ex. B (excerpt from hearing transcript).

[19] Citations to the Lusztig Decl. refer to a declaration filed on August 16, 2019 with a response brief (the "PMC Brief") in *Personalized Media Communications, LLC v. Google*, Case No. 2:19-cv-90-JRG.  The PMC Brief, along with the Lusztig Decl. and selected exhibits attached to it, are attached as exhibits to Uniloc's response.

[20] Richins Decl., Ex. C (Google Dep. (McCallion)) at 36:6-37:1 ██████████████████████████

████████████████████████████████████████████████████████████

███████████████   Lusztig Decl., Ex. Nos. 3 – 7. ████████████████████████

███████████████

[21] Richins Decl., Ex. C (Google Dep. (McCallion) at 29:9-12 ███████████████████████████

████████████████████████████████████████████████████   (emphasis added).

[22] Richins Decl., Ex. D  at Bates No. 2014 ███████████████████████████████████████

████████████████████████████████████████

[23] Lusztig Decl., Ex. 3-7.

14

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

██████████████████████████████████████████████████████████

██████████████████████████████████████████ ██████████████

████████████████████████████████████ A Costco warehouse that is

closed for the weekend does not cease to be a regular and established place of business, and

Google's GGC servers did not cease to be a regular and established place of business merely

because they were "drained".

Even if the GGC servers had not continued to form a part of Google's network after

November 23, 2018, it is indisputable that they did so only weeks before the December Cases were

filed.  Under the venue statue, "venue is properly lodged in the district if the defendant had a

regular and established place of business at the time the cause of action accrued and suit is filed

with a reasonable time thereafter."[26] Google cites *SEVEN* for the proposition that venue "is

assessed as of the time of filing of the complaint" but *SEVEN* cites *Raytheon*, which recognizes a

suit filed within a "reasonable time" is sufficient. *SEVEN*, 315 F. Supp. 3d at 941 n. 7 (citing

*Raytheon*).   Rigid application of the rule Google advocates would make the "ultimate

determination of whether the Court has venue . . . turn on whether [the plaintiff] had filed its

---

[24] Google filed its original motion to dismiss in the November Cases on April 19, 2019.  *See* Dkt. 18 (-491 case). It filed its original motion to dismiss in the December Cases on June 19, 2019.  *See* Dkt. 21 (-553 case).   On July 5, 2019, Uniloc filed its response to the December Cases motions to dismiss, pointing out that ██████████████ ████████████████████████████████████████████████████████████████████████ *e* Dkt. 29 (-553 case).   On July 8, 2019, Uniloc filed a motion to compel in the November Cases, explaining that it has been seeking discovery relating to the GGC servers since May 28, 2019.  *See* Dkt. 66 (-491 case).  Despite thi █████████ ██████████████████████████████████████████████████ █████████████

[25] Richins Decl., Ex. D  at Bates No. 2014 ██████████████████████████████████ █████████████████████████████████████████████████

[26] *Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781, 788-89 (E.D. Tex. 2017) (emphasis added), *mandamus granted on other grounds, order vacated sub nom* (quoting *Welch Sci. Co. v. Human Eng'g Inst., Inc.*, 416 F.2d 32, 35 (7th Cir. 1969), cert. denied, 396 U.S. 1003 (1970); citing *San Shoe Trading Corp. v. Converse Inc.*, 649 F. Supp. 341, 345 (S.D.N.Y. 1986) ("[O]nce a defendant has availed himself of the benefits of doing business in a district, he should not be able to retreat to his home forum simply by closing up shop before plaintiff has an opportunity to file a complaint.") (mandamus granted on other grounds)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Complaint just two to six weeks earlier."[27]

      **2.  Google's ███████████████████ are Google's regular and established places of business.**

      Further, Google's ████████████████ in this District satisfies the "regular and established place of business" requirement for both the November Cases and the December Cases. ████████████████████████████████████



*Id.* at 115:21-116:10; 116:12-18; 117:5-13.

---

[27] *ParkerVision, Inc. v. Apple Inc*., No. 3:15-CV-1477-J-39JRK, 2018 WL 5084731, at *8 (M.D. Fla. Jan. 9, 2018), *report and recommendation adopted*, No. 3:15-CV-1477-J-39JRK, 2018 WL 5084662 (M.D. Fla. Mar. 8, 2018).

[28] *Id.* at 13:18-15:20; *see also* Lusztig Decl., Ex. 8 at 1 ¶ B; Lusztig Decl., Ex. 16 ██████████ ████████████████████ at 15, 19.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

[29] *Id.* at 56:16-57:14; *see also* Lusztig Decl., Ex. 9 at 3-5 ████████████████████

[30] The PMC Brief cites to *the Livingston deposition at* 179:21-80:11 but it appears those pages were inadvertently omitted from Lusztig Decl., Ex. 2.  Uniloc will supplement the exhibit if it obtains the complete Livingston Deposition, which Google should have.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

     **a.  Google's** ███████████████████████ **are "Physical Places of Business".**

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████

███████████████████████████████████████████████████

---

[31] *Id.* at 171:8-17; *see also id.* at 171:20-172:5████████████████████████
████████ Ex. 10 at 2-3.

[32] Lusztig Decl., Ex. 2 at 32:16-21███████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████

[33] *Id.* at 66:21-70:9██████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████ therefore "part of a building set apart

for any purpose or quarters of any kind from which business is conducted." *SEVEN*, 315 F. Supp.

3d at 951 (quoting *In re Cray*, 871 F. 3d at 1362). That is particularly true because ████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████ Therefore, and like Google's GGC servers in *SEVEN*, Google's Eastern

District of Tex ██████████████████████████████ are "places" because they are "specifically

localized" and "occupy[ ] a physical space." *SEVEN*, 315 F. Supp. 3d at 951.

Also like Google's GGC servers, its ████████████████████████ are Google's places

of business because Google exercises exclusive control over them, as well as the portions of the

██████████ which are the physical spaces in which they are located and maintained.

<u>First</u>, Google exercises exclusive control over the digital aspects ████████████████████

Its use of both ████████████████ is admittedly exclusive, Google continually monitors the

operation of that equipment, and ████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████ sztig Decl., Ex. 8 at ¶ 12.01.

<u>Second</u>, Google exercises exclusive control over the physical ███████████████████

Google admits that it "owns" its ████ in the District and specifically ████████████████████

19

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████ Like in *SEVEN*, "[t]his is not a partnership wherein ██████

██████ y independently act on Google's behalf in administering" Google's equipment. *Compare*

*id.* (the *SEVEN* Suddenlink agreement: ████████████████████████████████████████

████████████████████████████████████████ *th* Lusztig Decl., Ex. 8

at 46 █████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████

        In *SEVEN*, this Court found that "Google's total control over the GGC server's physical

presence within the ISP may be best illustrated" by its Suddenlink Agreement that "requires that

tasks such as the 'physical switching of a toggle switch;' 'power cycling equipment (turning

power on and/or off);' and '*tightening screws*, cable ties, or securing cabling to mechanical

connections, plug;' may be performed 'only with specific and direct step-by-step instructions

from Google." 315 F. Supp. 3d at 953 (emphasis in original). Here, Google's ██████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████████████████ Lusztig Decl., Ex. 8 at ¶ 9.08

(emphasis added).

        <u>Third</u>, Google exercises exclusive control over the "physical spa ██████████████

within whi ███████████████████████████ cated and maintained." *SEVEN*, 315 F. Supp. 3d at

951. Google requires, for example, that █████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███████████████████████████████████████████████████████████████████

█████████████████████████████████████████ .. Where, in *SEVEN*, ISPs were

"required to provide Google explicit details regarding Google's installation location," 315 F. Supp.

3d at 952, here Google itself mandates ███████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████ And where, in *SEVEN*, Google argued that

"Google employees" must be "present" at locations for them to be regular and established places

of business, *SEVEN*, 315 F. Supp. 3d at 962 n.44, here, Google employees are permitted ████████

███████████████████████████████████████████████████████████████████

███████████████████████████ *See* Lusztig Decl., Ex. 2 at 66:21-70:9; Ex. 8 at ¶ 9.10;

Ex. 10 at 2; *see also* Ex. 2 at 186:8-12 ███████████████████████████████████

███████████████████████████████████████████████████

These facts establish even more persuasively than in *SEVEN* the "installation of Google's

own" equipment in a "physical space *that becomes Google's*." *SEVEN*, 315 F. Supp. 3d at 952

(emphasis in original). While this Court analogized Google's GGC servers to "local data

warehouses, much like a shoe manufacturer might have warehouses around the country," *id.* at

948, Google's ████████████████████████████████████████████████████████

██████████████████████████████████ is in "the business of providing," *id.*, to travel

seamlessly around the country, including to and through the Eastern District of Texas. *Cf. Kibler*

*v. Transcon. & W. Air*, 63 F. Supp. 724, 726 (E.D.N.Y. 1945) (opining, under a different statute

that, "a railroad is a resident of every county where it operates, where it has a place of business,

where it runs, where it owns property and runs its road, [and] through which its line passes")

(quotations omitted). ████████████████████████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███████ "exemplifies how the physical presence of the ███████████ thin this District" comprises far more than a mere "virtual space or electronic communications," and instead establishes that "there is a physical place which this Court may examine to determine if it is a regular and established place of business and whether it is a place of the defendant." *Id.* at 953 (citing *In re* Cray, 871 F.3d at 1362).

Google's ████████████████████████████████ are therefore installed "physical structure[s]" from which "the business of Google is carried out." *SEVEN*, 315 F. Supp. 3d at 958. Accordingly, they are places of business under § 1400(b).

**b.  Google's ██████████████████████ are "Regular and Established".**

The Federal Circuit has explained that a "regular" place of business is "operate[d] in a "steady, uniform, orderly, and methodical" manner[.]" *In re Cray*, 871 F. 3d at 1362 (citations and alterations omitted). In other words, a business is "regular" if it is not "sporadic," like "a <u>series</u> of [business] acts" is not sporadic. *Id.* (emphasis added). A business is "established" where it is "settled certainly, or fixed permanently." *Id.* at 1363 (citations and alterations omitted).

Here, Google specifically ████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████ *See id.* at 121:4-22:1; Ex. 8 at 2; Ex. 9 at ¶ 1.

Where "[t]here is little question that Google intends" its Eastern District of Tex ██████

████████████████████ to be a "long term solution," and "it is undisputed that they have been such a solution in this District for years," *SEVEN*, 315 F. Supp. 3d at 958, they are regular and established under § 1400(b).

**c.  Google's ████████████████████ are "of Google".**

A defendant must "establish or ratify the place of business" in order for it to be a place "of the defendant." *In re Cray*, 871 F.3d at 1363. Here, Google has both established <u>and</u> ratified its

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Eastern District of Texas ██████████████████████████████

As explained above, "[t]here is little doubt that," where Google, for   example,  ███████
█████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████ "and the physical
location in and at which it resides [are] under the exclusive control of Google." *SEVEN*, 315 F.
Supp. 3d at 965.  Moreove ████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

**3.   Google's** ████████████ **is a regular and established place of business.**

The "regular and established place of business" requirement is also satisfied by ████████
█████████████████████████████  ███████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
████████████████████ meets the statutory definition to be Google's regular and established place
of business.

████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████

---

[34] *See e.g.*, Lusztig Decl., Ex. 2 at 46:17-21 █████████████████████████████████████
███

[35] *See Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 WL 4560742, at *4 (E.D. Tex. Mar. 9, 2018) (where Defendants "lease shelf space in this District," and "retain[ ] and  pay[] agents" to physically maintain Defendants' products" in that space, Defendants "conducts . . . business in such a way in this District that venue is proper"), *report and recommendation adopted*, No. 6:17-CV-00170-RWS, 2018 WL 4524119 (E.D. Tex. May 1, 2018).

[36] *See* Lusztig Decl., Ex. 17 ██████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

---

[37] *Id.*; *see also id.* at 42

[38] *See* Lusztig Decl., Ex. 18 at 242:14-20

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████ Google even "holds out ████████████████ for its business," *In re Cray Inc.*, 871 F.3d at 1363, ██████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████ Lusztig Decl, Ex. 18 at 254:20-55:20; 256:5-12; 257:8-58:12.

"There is no question that warehouses are properly considered places of business and have been so held, by both legislatures and courts." *SEVEN*, 315 F. Supp. 3d at 958 (citing cases and statutes). Where Google █████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████ "integrate[d] . . . into [Google's] own logistical operations . . . [and is a] place[ ] of business[.]" *Id.* (citing *Smith v. Farbenfabriken of Elberfeld Co.*, 203 F. 476, 479–81 (6th Cir. 1913)); *see also In re ZTE (USA) Inc.*, 890 F.3d 1008, 1015 (Fed. Cir. 2018) (finding whether defendant "owns any of the equipment

---

[39] *See also* Lusztig Decl., Ex. 18 at 233-34: █████████████████████████████

███████████████████████████████████████████████████████
████████████████████████████████

[40] Lusztig Decl., Ex. 18 at 152:10-16

[41] Lusztig Decl., Ex. 17 at p. 42 █████████████████████████████████████

[42] Lusztig Decl., Ex. 18 at 250:17-51:4 ██████████████████████████████████

███████████████████████████████████████████

[43] *See id.* at 167:21- 68:11; 170:5-17; 187:15-18

[44] *See* Lusztig Dec. Ex. 19 ("Get your Pixel phone repaired") at 2 (emphasis added), ███████████████████
████████████████ *see* Lusztig Dec. Ex. 20 at 1.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

located there" and whether the contractor "would need permission from [defendant] to move its [operations] outside of the Eastern District of Texas" to be relevant factors under § 1400(b)).

**4.   Google Fi cell towers are regular and established places of business of Google.**

Further, Google Fi cell towers are regular and established places of business of google. Rather than being merely a reseller of cell service provided by others,



Also, the Google Fi cell service coverage Google provides to users in this district is not the same as any other service provider. Rather, as described in Uniloc's complaint (and Google does not dispute), Google chooses which cell tower it believes is best for a particular user at a particular time. ████████████████████████████████████████████████████ ████████████████████████████ us, Google advertises an enhanced network coverage area better than any of the companies that it uses. Google also determines whether, for example, one of its Pixel phone connected to Wi-Fi network in this district could be better serviced by a phone call over Wi-Fi as opposed to the cell tower.  *See* Complaints.

**5.   The statute does not require "nexus" between acts of infringement and the regular and established place of business.**

Finally, this Court has already rejected Google's claim that the statute requires "nexus" between acts of infringement and the regular and established place of business. *SEVEN*, 315 F. Supp. 3d at 945 ("Nothing in the language of Section 1400(b) justifies the conclusion that a defendant's place of business in the district must have some connection with the accused device.").

**B.   Uniloc's complaints allege acts of infringement in this District.**

Further, contrary to Google's claims, the complaints in the 491, 492, 495, 497, 500, 503, 504, 550, 551, and 553 cases plausibly allege acts of infringement in this District.

26

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### 1.   Pre-suit knowledge is not required.

In each motion alleging Uniloc failed to allege acts of infringement in this District, Google argues pre-suit knowledge is necessary for induced or contributory infringement.  In each case, this argument fails because pre-suit knowledge is not necessary for induced or contributory infringement.  *See Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, 2:13-CV-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014).

Google had knowledge at the time the complaints were filed. *Achates Reference Pub., Inc. v. Symantec Corp.*, 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013), report and recommendation adopted, 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013) ("Symantec has had knowledge of the patent, as well as knowledge that the use of the activation component infringes the asserted patents, since at least the time of the filing of the Complaint."). This is sufficient to establish Google committed acts of infringement for purposes of venue.

### 2.   Google had pre-suit knowledge.

With respect to the November Cases, Google's argument also fails because Google cannot dispute it had knowledge at the time the complaints were filed.  For each of the complaints Google challenges, a nearly identical complaint was filed weeks before (and later voluntarily dismissed). Because the filing of the earlier, identical, complaints gave Google pre-suit knowledge, Google cannot plausibly deny (and does not deny) pre-suit knowledge.

### 3.   Google erroneously assumes all alleged infringing activity must have occurred in this District.

In each motion alleging Uniloc failed to allege acts of infringement in this District, Google attempts to sidestep undisputed allegations in the complaint by alleging one part of the infringing activity does not occur in this district.   Google appears to again be making an argument rejected by this Court in *SEVEN* – that Uniloc 2017 must allege Google alone performs each step of the alleged infringement in this District.   This exact argument has been rejected by the courts, including this one: "Contrary to Plaintiff's argument, not all of the alleged infringing activity needs

27

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

to have occurred within [the District] so long as some act of infringement took place there." *SEVEN*, 315 F. Supp. 3d at 943.

Each of the complaints alleges use of the accused products in this District.  Google does not (and cannot) dispute that the accused products are used here and instead alleges that certain equipment or components that support the accused products might be located outside of this District.  This is irrelevant so long as part of the infringing activity occurred here, which Uniloc alleges and Google cannot dispute.   Google likewise does not dispute that it instructs EDTX users on how they can use these services or how they can benefit from using these services, as alleged in the complaints.

Google's allegation that one should simply ignore where the information is obtained (here, EDTX residents) and to where it goes (here, EDTX) is analogous to arguments rejected in other contexts under 35 USC 271 (f) and (g) where one might seek to escape infringement by crossing international boundaries. Here, the content is obtained from the EDTX and the content is delivered to devices in the EDTX.

## **CONCLUSION**

For the foregoing reasons, Google's motions to dismiss should be denied.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Dated: November 8, 2019     Respectfully submitted,

           */s/ Ryan S. Loveless*

           James L. Etheridge
           Texas State Bar No. 24059147
           Ryan S. Loveless
           Texas State Bar No. 24036997
           Brett A. Mangrum
           Texas State Bar No. 24065671
           Travis L. Richins
           Texas State Bar No. 24061296
           ETHERIDGE LAW GROUP, PLLC
           2600 E. Southlake Blvd., Suite 120 / 324
           Southlake, Texas 76092
           Telephone: (817) 470-7249
           Facsimile: (817) 887-5950
           Jim@EtheridgeLaw.com
           Ryan@EtheridgeLaw.com
           Brett@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

   I certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on November 8, 2019.

           */s/ Ryan S. Loveless*
           Ryan S. Loveless

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## **CERTIFICATE OF FILING UNDER SEAL**

I certify that this motion was filed under seal pursuant to the protective order entered in each respective case.


/s/ Ryan S. Loveless
Ryan S. Loveless

30