**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:18-cv-00504-JRG-RSP |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Defendant Google LLC's ("Google") Motion for Leave to Supplement its Invalidity Contentions ("Motion"). (Dkt. No. 83.) Google previously filed invalidity contentions in this case that were partially based on Microsoft Corporation's ("Microsoft") PhoneFactor system. In Google's present Motion, Google states that it subpoenaed Microsoft to review the source code for the PhoneFactor system, and Google now seeks to supplement its invalidity contentions with further descriptions of the PhoneFactor system.

After consideration, the Court **GRANTS** Google's Motion. The Court concludes that good cause is present as material is important, any undue prejudice to Uniloc would be limited, and Google has shown sufficient diligence.

### I.   APPLICABLE LAW

Under the Local Patent Rules, leave to amend or supplement invalidity contentions may be made "only upon a showing of good cause." P.R. 3–6(b). The Federal Circuit has stated that "'good cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Diligence includes a party's diligence in discovering the reference. "As other courts have recognized, 'the critical issue is not what the party did after they

discovered the prior art; rather, the critical issue is whether or not [the party seeking to amend] exercised diligence in discovering the prior art.'" *Invensys Sys, Inc. v. Emerson Elec. Co*., No. 6:12-CV-799, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (citing *Symantec Corp. v. Acronis Corp*., 2013 WL 5368053, at *5 (N.D. Cal. Sept. 25, 2013) (internal quotation marks omitted)).

While courts have broad discretion to allow modifications, it should consider four factors in ruling on such motions: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (citations omitted).

## II.     ANALYSIS

Weighing the factors together, the Court concludes that Google's Motion should be **GRANTED**. Google has shown that the supplementation is important and that Uniloc would suffer limited prejudice if this Motion were granted. Google has also shown sufficient diligence to warrant a finding of good cause.

For the first factor, Uniloc argues that Google was not diligent in obtaining this source code material or in filing this motion. (Dkt. No. 105 at 6.) However, after receiving the Microsoft's response to the subpoena, Google was diligent in reviewing the material, in informing Uniloc of the relevant material, and then in filing this motion. Google served its subpoena before the deadline for serving invalidity contentions. Google only served this subpoena four days before that deadline — however, in view of the other factors, the Court concludes that Google has acted with sufficient diligence here to show good cause.

Google has shown that the proposed supplementation is important for the second factor. Google asserts that the supplementation provides references to the source code for the PhoneFactor system, which Google uses in its invalidity case. (Dkt. No. 83 at 6–7.) Uniloc's arguments in its response largely focus on the assertion that the source code printouts are not prior art and that they therefore cannot be used. (Dkt. No. 105 at 5–6.) However, the PhoneFactor system is alleged to be a publicly-used system, and the non-public nature of the source code for that system does not change that fact. *See Netscape Commc'ns Corp. v. Konrad*, 295 F.3d 1315, 1323 (Fed. Cir. 2002) (concluding that a system was prior art and that the plaintiff could not "negate this by evidence showing that other, unclaimed aspects, such as the source code, was not publicly available"); *see also Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997). The source code is merely being used to show how that system operates. Confidential source code is frequently used as evidence for invalidity, and this is evident from the inclusion within the Court's model protective order of procedures governing the protection of source code and the discussion of source code within the Court's patent rules for invalidity contentions. In view of the Parties' arguments, the Court concludes that this factor weighs in favor of Google.

The Court also concludes that the third factor, the potential prejudice in allowing the thing that would be excluded, weighs in favor of Google. Google included references to the PhoneFactor system in the original invalidity contentions and only seeks to supplement those contentions to provide additional details discovered after Google received Microsoft's response to the subpoena. This limits any prejudice to Uniloc. Uniloc argues that it will be significantly prejudiced if Google is permitted to proceed with this evidence (Dkt. No. 105 at 4–5), but the Court concludes from this record that Uniloc has had sufficient opportunity to avoid such prejudice. Uniloc was apparently given an opportunity to review the source code. (Dkt. No. 83-2 at ¶¶ 6–7.) Furthermore, Google

represents that it offered seek permission from Microsoft to share the print-outs. (Dkt. No. 112 at 2 n.1; Dkt. No. 112-1.) Altogether, the facts suggest that this factor weighs in favor of Google.

Uniloc also argues that Google failed to comply with Local Patent Rule 3-4(b) (Dkt. No. 105 at 3–4). Local Patent Rule 3-4(b) states that, "[w]ith the 'Invalidity Contentions,' the party opposing a claim of patent infringement must produce or make available for inspection and copying: . . . (b) [a] copy of each item of prior art identified pursuant to P. R. 3-3(a) which does not appear in the file history of the patent(s) at issue." Google states that Microsoft permitted both Google and Uniloc to review the relevant source code. (Dkt. No. 83-2 at ¶¶ 6–7.) Thus, the relevant source code was apparently made available at that time. Further Google states that it cannot share the source code printouts without Microsoft's permission pursuant to the Discovery Order, and Google states that it offered to seek permission from Microsoft to do so. (Dkt. No. 112 at 2 n.1; Dkt. No. 112-1.) Uniloc is free to seek further relief regarding production of the code if necessary.

The Court therefore **GRANTS** Google's Motion.

**SIGNED this 4th day of December, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE