IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>　　　　Defendant. | § § § § § § § § § § § § § | CASE 2:18-cv-00504-JRG<br>**JURY TRIAL DEMANDED**<br><br>*Filed Under Seal* |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO TRANSFER VENUE[1]**

---

[1] Google filed nearly identical motions to transfer in Case Nos. 2:18-cv-00491, 492, 493, 496, 497, 499, 501, 502, 503, 504, 548, 550, 551, 552, and 553. Except where indicated, Uniloc's responses to each motion are identical.  For convenience, sections of Uniloc's responses that are case specific are identified as "**CASE SPECIFIC**." Because this response contains voluminous exhibits, all of which are identical in each of the 15 filings, Uniloc is uploading the exhibits only to Case No. 2:18-cv-00548 to reduce the burden on Court and party resources. Cites to Uniloc's exhibits herein refer to the exhibits attached to Uniloc's response in the 548 case. Uniloc is serving the exhibits on counsel in all 15 cases.

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1
BACKGROUND ................................................................................................................... 1
    A.    CASE SPECIFIC Google allegations. ................................................................. 1
    B.    Google points to no Uniloc office, employee, or document in the CAND. ...................... 2
    C.    Uniloc has an office, documents, and employees in or near this District. ....................... 2
    D.    Google has extensive ties to this District and to Texas. .................................................. 2
    E.    "Third-party" information Google points to is directly available from Uniloc. .............. 4
    F.    Google ignores potential third-party information outside California. .............................. 5
LEGAL STANDARD ........................................................................................................... 6
ARGUMENT ........................................................................................................................ 7
    A.    THE PRIVATE INTEREST FACTORS DO NOT FAVOR TRANSFER. ................... 7
        1.    Google fails to prove ease of access to sources of proof favors transfer. ................. 7
        2.    Google fails to prove compulsory process favors transfer. ....................................... 9
        3.    The cost of attendance for willing witnesses does not favor transfer. ..................... 11
        4.    Other practical problems weigh against transfer. .................................................... 13
    B.    THE PUBLIC INTEREST FACTORS DO NOT FAVOR TRANSFER. ................... 13
        1.    Court congestion weighs against transfer. .............................................................. 13
        2.    The interest in having the dispute decided locally is neutral. ................................. 13
CONCLUSION ................................................................................................................... 14
CERTIFICATE OF SERVICE ........................................................................................... 15
CERTIFICATE TO FILE UNDER SEAL ......................................................................... 15

# **TABLE OF AUTHORITIES**

**Cases**

*Frederick v. Advanced Fin. Sols., Inc.*,
  558 F. Supp. 2d 699 (E.D. Tex. 2007) .................................................................................... 11

*In re Genentech*,
  566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................... 11

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ..................................................................................................... 6

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304, 315 (5th Cir. 2008) (en banc) ......................................................................... 6, 7

*Innovative Display Technologies LLC v. BMW of North America, LLC, et al.*,
  2:14-CV-00106-JRG, 2015 WL 1459188 (E.D. Tex. Mar. 31, 2015) ................................ 11, 14

*Sleepy Lagoon, Ltd., v. Tower Grp., Inc.*,
  809 F. Supp. 2d 1300 (N.D. Okla. 2011) .................................................................................. 6

*Uniloc USA, et al v. Google, Inc.*,
  Civil Action No. 2:16-CV-00566-JRG (May 15, 2017) ............................................................ 7

# INTRODUCTION

Google's motion applies a double standard. Unable to point to any Uniloc employees, offices, or documents in the Northern District of California (the "CAND"), Google instead focuses on *all* alleged connections of Uniloc 2017 *and any other alleged related Uniloc entity* to the State of California. *See* Mtn. at 1, ¶ 2. Google takes the opposite approach in discussing its ties to the Eastern District of Texas ("this District"), arguing it has no offices or employees in this District but ignoring (1) its hundreds of employees and multiple offices in Texas and (2) its extensive ties to this District. In reality, (1) Google's ties to Texas greatly exceed Uniloc 2017's ties to California and (2) Google's ties to this District greatly exceed Uniloc 2017's alleged ties to the CAND.

Regarding the location of documents, Google relies on misdirection and sleight of hand. Google does not discuss the location of its own documents because Google knows this fact weighs against transfer. Instead, Google attempts to create the illusion that most documents will come from third parties in California by pointing to "third party" information that is directly available from Uniloc 2017 and by ignoring third parties with relevant information outside the CAND, including third parties in or near this District. In reality, (1) the majority of documents will come from Google or Uniloc 2017, the location of which does not favor transfer, and (2) the majority of third-party information is not in or near the CAND. At the same time, Google ignores third parties outside the CAND who have relevant information, including those in or near this District.

Finally, Google's motion exaggerates the number of potential witnesses in California or the CAND but (1) identifies no Uniloc 2017 witness in the CAND, (2) fails to produce reliable evidence supporting the alleged locations and knowledge of Google witnesses, and (3) identifies no *willing* nonparty witness (in the CAND or elsewhere).

# BACKGROUND

### A. CASE SPECIFIC

Google argues that the location of the named inventor of the '954 patent in suit favors transfer because Mr. Etchegoyen spends time in California, but Mr. Etchegoyen is a party witness who has testified that he prefers, and finds more convenient, this District. Richins Decl., Ex. 9 at

1

59:5-7 (testifying Texas is more convenient that CAND). Google claims it is unaware of any inventors in this District and concludes, therefore, that "evidence related to the conception and reduction to practice of the claimed invention may be located in or near the [CAND]." Mtn., Background § II. There is no logic to this conclusion. Google's allegation that it is unaware of any inventor in this District does not support the conclusion that evidence of the invention might therefore be in the CAND. Patents disclosed in Google's invalidity contentions include inventors from Driftwood, Texas and Austin, Texas. The publicly available chain of title identifies prior owners with correspondent addresses in Plano, TX, and Minneapolis, MN.

    **B.**    **Google points to no Uniloc office, employee, or document in the CAND.**

Google identifies no Uniloc office, employee, or document in the CAND. Instead, Google argues "Uniloc 2017 has strong ties to California" and points to Uniloc employees and offices outside of the CAND. Mtn., Background § II. Not only does Google's motion fail to identify a Uniloc office, employee, or document in the CAND, it fails to identify *any* connection to the CAND other than its loan agreement with ▇▇▇. *Id*.

    **C.**    **Uniloc has an office, documents, and employees in or near this District.**

Uniloc and its predecessor companies have been in this District for more than a decade. Uniloc opened its Plano office in 2007 and expanded to a second location in Tyler in 2009. ▇▇▇ Decl. ¶ 2. Since then, all physical documents kept by Uniloc have been kept in Plano or Tyler. *Id.* Last year, Uniloc closed its Plano office and consolidated back into its Tyler location. *Id.* All physical documents kept by Uniloc are now in Tyler. *Id.* All correspondence from the USPTO to Uniloc is sent to the Tyler office. *Id.* Any other Uniloc documents are stored in the cloud and are accessible from either district. Uniloc also has an office in Newport Beach, California. ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ It is undisputed that Uniloc has Texas employees who live near this District and, at times, work out of Uniloc's Tyler office.

    **D.**    **Google has extensive ties to this District and to Texas.**

Google has extensive ties to this District and to Texas. It is undisputed that Google offers its products and services, including the accused products, to customers and potential customers

throughout Texas and this District.  *See* Complaint.[2]  Google gathers data on residents of this District through its hardware, devices (e.g., phones, tablets, and home audio devices), operating systems, and apps.[3]  Google also provides cell phone and television services to users of this district.

As outlined in this Court's decisions in *SEVEN* and *Super Interconnect*, Google exercised almost exclusive control over GGC servers in this District at least until late November 2018.  And as outlined in Uniloc 2017's response to Google's pending motion to dismiss, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Further, Google operates its Google Maps Street View business and services in this District, as evidenced by the Google Maps Street View image of the courthouse in Marshall, Texas included in Uniloc's complaint.

Google's ties to Texas are too numerous to list.  Google has purchased land in Midlothian, Texas where it plans to build a half-a-billion-dollar data center.  *See* Complaint (citing sources).  Since 2007, Google has employed "hundreds" of employees in Texas, including in Austin, Texas.  *Id.*  Google has at least one current office in Austin, on North MoPac Expressway, and additional

---

[2] Non-limiting examples include Google Search, Maps, Translate, Chrome Browser, YouTube, YouTube TV, Google Play Music, Chromecast, Google Play Movies and TV, Android Phones, Android Wear, Chromebooks, Android Auto, Gmail, Google Allo, Google Duo, Google+, Google Photos, Google Contacts, Google Calendar, Google Keep, Google Docs, Google Sheets, Google Slides, Google Drive, Google Voice, Google Assistant, Android operating system, Project Fi Wireless phone systems, Google Pixel, Google Home, Google Wifi, Daydream View, Chromecast Ultra.

[3] As an example, Google gathers data when a resident runs its operating systems and apps (e.g., location services).  *See e.g.*, "AP Exclusive: Google tracks your movements, like it or not," https://apnews.com/828aefab64d44411bac257a07c1af0ecb/AP-Exclusive:-Google-tracks-your-movements,-like-it-or-not.  As another example, Google gather's data when a resident interacts with Google's plethora of services such as search, email, and music and movie streaming.  See https://safety.google/privacy/data/ (indicating that Google gathers data from "things you search for," "Videos you watch," "Ads you view or click," "Your location," "Websites you visit," and "Apps, browsers, and devices you use to access Google services").  As yet another example, Google gathers data by listening and recoding everything a resident says within proximity of one of its products such as Google Home. See https://www.unilad.co.uk/technology/google-is-listening-to-everything-we-say-and-you-can-hear-it-back/ ("Tech giant and the font of all pub quiz knowledge, Google, can quietly record many of the conversations that people have in close proximity to its products.").  Others have reported that Google gathers "where you've been," "everything you've ever searched – and deleted," "all the apps you use," "all of your YouTube history," "which events you attended, and when," "information you deleted [on your computer]," "your workout routine," "years' worth of photos," and "every email you ever sent." *See* https://www.theguardian.com/commentisfree/2018/mar/28/all-the-data-facebook-google-has-on-you-privacy.

office locations at University Park and Austin's Children Museum. *Id.* Google has leased over 200,000 square feet of office space in Austin, Texas, at 500 East 2nd Street. *Id.* As of September 2018, Google had job postings for Addison, Dallas, Midlothian, and Austin, Texas. *Id.* On information and belief, Google has at least eleven entities registered to do business in Texas. *Id.* Google invested $200,000,000 in the Spinning Spur wind farm project in Oldham County, Texas. *Id.* Google provides the State of Texas with aerial imagery. *Id.* Google's Waze traffic app partners with cities and businesses in Texas. *Id.*

### E. "Third-party" information Google points to is directly available from Uniloc.

Aside from prior art identified in certain cases, all "third-party" information Google points to in Background § III of its motion is directly available from Uniloc 2017 (and most is Uniloc 2017's information, not third-party information).

███████████████████████████████████████████████████████████████

███████████████  ████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████ █████ ███████████████████████████████████████████[4] Thus, there is no weight to Google's claim that it needs third party information about ████████████

████████████████████████████████████████ Moreover, ████████████████

██████████████████████████████████████████████ *was* relevant, *id.*, and (as Google admits) █████████████████████████████████ Finally, any relevant

---

[4] ███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████

[5] Google's insistence ███████████████████████ would be analogous to Uniloc insisting that Google Patents, including the location of every Google employee who works on Google Patents, because Google may have used Google Patents to locate potential prior art.

4

information allegedly had by ▬ and ▬ employees (namely, agreements between Uniloc and ▬) is information Google has obtained directly from Uniloc 2017.[6]

### F.   Google ignores potential third-party information outside California.

Google ignores potential third-party witnesses and information outside California, including potential third-party witnesses and information in or near this District.



---

[6] Google filed a motion to compel against ▬ in Delaware but has withdrawn the motion because the documents are available from Uniloc. Richins Decl., Ex. 8. The only specific ▬ documents identified in Google's motion to transfer are documents produced by Uniloc 2017. *See* Mtn., Background § III (citing Exhibits AB, AC, AD, Q, AE, and AF – all of which were produced by Uniloc 2017).

[7] ▬

[redacted]

## LEGAL STANDARD

A party seeking transfer under § 1404 must show good cause, demonstrating that the transferee venue is ***"clearly more convenient."*** *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (emphasis added). Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, "it is nonetheless taken into account as it places a ***significant burden*** on the movant to show good cause for the transfer." *Id.* at 314 n.10 (emphasis added).

When deciding a motion to transfer under § 1404(a), the court may consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must draw all reasonable

---

[8] [redacted]

[9] https://www.centurylink.com/business/resources/contact-an-expert.html

inferences and resolve factual conflicts in favor of the non-moving party. *See Sleepy Lagoon, Ltd., v. Tower Grp., Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011). The Fifth Circuit has been careful to emphasize that district courts should not merely engage in a "raw counting" exercise that tallies up the factors favoring transfer and the factors militating against transfer. *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013). Instead, the Court must make factual determinations to ascertain the degree of actual convenience, if any, and whether such rises to the level of "clearly more convenient." *See id*. Where the present and proposed forums are both roughly similar in terms of convenience, courts should not conclude that the proposed transferee forum is "clearly more convenient." *Volkswagen*, 545 F.3d at 315. While "clearly more convenient" is not equal to "clear and convincing," a movant must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning. *See id.* When applying the convenience factors and the related factual arguments in each unique case, courts should be careful not to lose sight of the plaintiff's choice of forum and its historical significance. *Id.*

## ARGUMENT

Google's motion should be denied because Google fails to satisfy its significant burden of proving the CAND is clearly more convenient than this District.

### A.   THE PRIVATE INTEREST FACTORS DO NOT FAVOR TRANSFER.

#### 1.   Google fails to prove ease of access to sources of proof favors transfer.

Google fails to prove ease of access to sources of proof favors transfer. When considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, are stored. *Volkswagen*, 545 F.3d at 316.

##### a.   The location of Google's documents weighs against transfer.

Google's motion is silent concerning the location of Google's documents because Google knows this factor weighs heavily against transfer. As Google has previously admitted, Google documents relating to its products are hosted on Google's servers, most of which are nearer to this District than the CAND. *See Uniloc USA, et al v. Google, Inc.*, Civil Action No. 2:16-CV-00566-JRG (May 15, 2017) (Richins Decl., Ex. 6 at 4). According to Google's own website, Google

7

"own[s] and operate[s] data centers around the world to keep [its] products running 24 hours a day, 7 days week."[10]  Of the 11 data centers in North America, none are in California.  *Id.*  The nearest data center to this District at the time this suit was filed was in Mayes County, Oklahoma[11] – approximately 313 miles from Marshall, Texas.  Further, in June 2019, Google broke ground on a $600 million data center in Midlothian, Texas.[12]  With the exception of data centers in Oregon and Nevada, all of the data centers are closer to the Eastern District of Texas than the CAND, *id.*, and  Google did not break ground on the data center in Nevada until July 2019, after this case was filed.[13]  At the time this suit was filed, the nearest data center to the CAND was in The Dalles, Oregon – approximately 620 miles from San Francisco (almost twice as far as the nearest data center to this District).  Thus, the location Google's documents weighs against transfer.

### b. The location of Uniloc 2017's documents weighs against transfer.

The location of Uniloc 2017's documents also weighs against transfer.  Uniloc 2017's documents are stored in the cloud and are equally accessible from this District or the CAND.  Further, physical copies of Uniloc 2017 documents are stored in this District.  Before September 2018, Uniloc stored all physical documents in either Plano or Tyler, Texas.  ▮▮▮ Decl. ¶ 2.  In September 2018, Uniloc moved all physical documents then being stored in Plano to its Tyler office.  *Id.*  ▮▮▮▮ assisted in the physical closing of the Plano office and drove a truckload of boxes himself.  *Id.*  Since that time, all physical documents kept by Uniloc 2017 have been kept in its Tyler, Texas office.  *Id.*   Google's own evidence confirms this.  Mtn., Background § III (citing Ex. H at 64:12-15) (testifying the Tyler, Texas office is used "mainly as an archive/storage area for ***all*** of Uniloc's paper documents.") (emphasis added).[14]

---

[10] https://www.google.com/about/datacenters/locations/

[11] https://www.google.com/about/datacenters/locations/mayes-county/

[12] https://www.google.com/about/datacenters/locations/midlothian/

[13] https://www.google.com/about/datacenters/locations/henderson/

[14] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Thus, while Uniloc 2017 documents are accessible anywhere, the physical location of Uniloc 2017 documents weighs against transfer and should be given some weight.

### c. Nonparty documents do not weigh in favor of transfer.

Google's speculation about the existence and location of nonparty documents does not weigh in favor of transfer. Rather than identify specific, relevant information held by nonparties, Google speculates that certain "third parties" "may" have or are "likely" to have unspecified information. Mtn., Background § III, Argument § II.C. Google's speculation about the existence and location of information nonparties *might* have cannot satisfy Google's burden of proof.

Further, as explained above, most of the so-called nonparty information identified by Google is, in fact, party information. ███████████████████████████████████ ████████████████ Uniloc has the same agreements and has produced them. *See* Resp., Background § E (above). The same is true of any ██████████████████████, which Google attempts to categorize as third-party information despite admitting it is owned by Uniloc 2017. *See id.* Any relevant information from ████████ can be obtained directly from Uniloc.

Moreover, as explained in Background § F above, multiple nonparties located in or near this District have information at least as relevant as the nonparty information relied on by Google.

**CASE SPECIFIC**: As explained above, the location of prior owners of the patent does not weigh in favor of transfer. Further, if any weight is given to the location of prior artists, this fact should weigh against transfer.

### 2. Google fails to prove compulsory process favors transfer.

Google fails to prove the availability of compulsory process favors transfer.

#### a. **CASE SPECIFIC: Prior artists do not weigh in favor of transfer.**

Inventors of prior art rarely, if ever, actually testify at trial, and Google identifies no prior artists in its motion. If any weight is given prior artists under this factor, however, weight should

---

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████████████████████████████████████

be given to those identified by Uniloc (above) that are nearer to this District than the CAND.

### b. No weight should be given to the alleged third-party witnesses identified in Background § III of Google's motion.

No weight should be given to the alleged "third-party" witnesses identified in Background § III of Google's motion. As explained above, most of the "third parties" identified by Google are not third parties ▮▮▮▮ or have no information not available directly from Uniloc ▮▮▮▮, and individuals who allegedly have information about ▮▮▮▮

Further, Google does not claim it intends to call most of them to trial. The only specific nonparty witnesses Google hints it might attempt to call to trial are ▮▮▮▮. Even for these, Google does not unequivocally claim it intends to call them. The information Google claims ▮▮▮▮ has (the ▮▮▮▮ ▮▮▮▮) is directly available from Uniloc 2017. The same is true of ▮▮▮▮, whose declarations have already been produced by Uniloc 2017. While the parties dispute the legal affect of the facts stated in ▮▮▮▮ declarations, they do not dispute the facts. There is no reason to expect ▮▮▮▮ to be called to testify at trial.

Google's vague allegation that "several third-party witnesses" "may need to testify as to the formation and incorporation of Uniloc 2017 and CF Uniloc, standing, and other issues, including damages" (Mtn., Argument § II.A) cannot satisfy Google's burden. Likewise, the mere fact that ▮▮▮▮ does not prove ▮▮▮▮ employees are necessary to testify at trial.[16] Information about Uniloc's formation can be directly obtained from Uniloc.

To the extent any weight is given to the individuals in Background § III of Google's motion, similar weight should be given to the individuals in Background § F of this response, who

---

[15] Richins Decl., Ex. 8.

[16] This Court previously rejected similar arguments by Google. Richins Decl., Ex. 6 ("▮▮▮▮ ▮▮▮▮ ▮▮▮▮").

are as likely to testify as the "nonparty" witnesses Google identifies.

### 3. The cost of attendance for willing witnesses does not favor transfer.

Google also fails to prove the cost of attendance for willing witnesses favors transfer. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *See In re Genentech,* 566 F.3d 1338, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both party and non-party witnesses, it is the convenience of willing, non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Innovative Display Technologies LLC v. BMW of North America, LLC, et al.*, 2:14-CV-00106-JRG, 2015 WL 1459188 (E.D. Tex. Mar. 31, 2015). The convenience of *party* witnesses is given little weight. *See Frederick v. Advanced Fin. Sols., Inc.*, 558 F. Supp. 2d 699, 704 (E.D. Tex. 2007).

#### a. Google identifies no willing nonparty witnesses.

Google fails to identify any *willing* nonparty witnesses. This Court has repeatedly recognized this factor requires evidence that a potential witness is a <u>willing</u> witness. *See, e.g., BMW of North America*, 2015 WL 1459188 (finding this factor weighed against transfer where the only evidence of a non-party's willingness was his declaration that he was willing to testify in this District) ("While CAND is closer and relatively more convenient than EDTX, there has been no indication that this inventor is willing to travel to either venue for trial."). In *BMW of North America*, this Court reasoned:

> BMW argues that "Mr. Parker has not declared that it would be more difficult for him to travel to New Jersey than Texas" and that IDT's suits in Delaware on the Patents-in-Suit show that it would not be less convenient for Mr. Parker to travel to New Jersey. Though BMW is correct in stating that Mr. Parker's declaration is devoid of any mention of New Jersey, such an absence does not indicate his willingness to travel to New Jersey. If he was equally willing to travel to New Jersey, he surely would have said so. He did not. His only statement shows his willingness to travel to East Texas.

*Id.* (internal cites omitted). Because Google fails to identify any *willing* nonparty witnesses, it fails to prove the cost of attendance for willing nonparty witnesses favors transfer. Further, ■

11

### b. Google fails to prove the location of its witnesses favors transfer.

Google also fails to prove the convenience of Google's party witnesses favors transfer. First, ███████████████████████████████████████████████████████████████████████████████████████████████████. Mr. Orr does not know and did not communicate with the individuals identified in his declaration.[17]  He based his testimony about their alleged ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Mr. Orr's declaration testimony is inadmissible under Federal Rule of Evidence 602, and the statements of the Unidentified Interviewees he relied on are inadmissible hearsay.

Second, Google's amended disclosure, which Google cites as evidence, should be disregarded because it is merely a bald and self-serving assertion by Google.

### c. The convenience of Uniloc witnesses does not support transfer.

In the absence of any evidence that the CAND is more convenient for Google witnesses or willing non-party witnesses, this case should not be transferred for the supposed convenience of Uniloc's witnesses who are willing to testify, and prefer to testify, in this District.  Richins Decl.,

---

[17] Richins Decl., Ex. 12 at 36:16 – 37:17; 49:15 – 50:6; 57:19-23; 58:3 – 59:16

Ex. 9 at 59:5-7 (testifying Texas is more convenient that CAND); ▮▮▮▮▮▮▮▮▮▮ For ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, a flight from Newport to Shreveport is approximately 5 hours, about 3.5 hours longer than a flight to San Francisco. This is not, however, the only consideration in evaluating convenience. Uniloc 2017 has an office in this District close to the courthouse. It does not have an office in the CAND. Further, lodging and meals are likely to be significantly less expensive in Marshall than in San Francisco. Moreover, ▮▮▮▮▮ is in ▮▮▮▮▮▮▮▮, which is much closer to Marshall than San Francisco. Under the totality of circumstances, a transfer to the CAND would merely shift conveniences of the parties.

### 4. Other practical problems weigh against transfer.

Practical problems include those that are rationally based on judicial economy. Here, the parties have already begun *Markman* briefing and have conducted significant discovery and briefing before this Court concerning standing. This Court has invested itself in the *Markman* process by, among other things, appointing technical advisors. A transfer to the CAND will create inefficiency by requiring a new court to familiarize itself with these issues. Even if there are no practical problems, it does not follow that this factor weighs in *favor* of transfer, as Google argues. Rather, the absence of practical problems would render this factor neutral. Given that Google has the burden of proof, a neutral factor should militate against transfer, not in favor of it.

### B. THE PUBLIC INTEREST FACTORS DO NOT FAVOR TRANSFER.

#### 1. Court congestion weighs against transfer.

Contrary to Google's claim that the time to trial is about the same in each district, this Court has regularly recognized that this District's time to trial is shorter than the CAND's time to trial, making the administrative difficulties flowing from court congestion weigh against transfer. *See* Richins Decl., Ex. 10 at 11 (order entered by this Court).

#### 2. The interest in having the dispute decided locally is neutral.

Uniloc 2017 and its predecessor entities have been in this District for more than a decade. Uniloc 2017 has no office or employees in the CAND. Uniloc 2017's general ties to California does not give the CAND an interest in this case. This District has at least as much interest in the

outcome of this case as the CAND.

Further, Google's activities related to the Accused Product are not primarily centered in the CAND, as Google insists. Rather, the Accused Product is provided from Google's data centers, which are closer to this District than the CAND. Google's reliance on *Volkswagen* is unavailing. There, the Dallas Division had a local interest in the case because the accident that gave rise to the case occurred in the Dallas Division and, therefore, affected the residents of that division. Here, Google's infringing activity that gives rise to this suit occurs in this District and affects, directly and indirectly, the residents of this District.

## CONCLUSION

On balance, the private and public interest factors weigh against transfer. Thus, because Google has not met its "substantial burden" in showing that a transfer to the CAND is "clearly more convenient," its Motion should be denied.

Dated:  December 12, 2019                    Respectfully submitted,

                                                                         */s/ James L. Etheridge*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis Lee Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
**ATTORNEYS FOR UNILOC**

## CERTIFICATE OF SERVICE

I certify that on December 12, 2019 the foregoing document was served upon all counsel of record by email.

*/s/ Travis Lee Richins*
Tavis Richins

## CERTIFICATE TO FILE UNDER SEAL

I certify that this response is being filed under seal pursuant to the protective order entered in this case.

*/s/ Travis Lee Richins*
Travis Richins