IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 2:18-cv-00504-JRG<br><br>**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404</u>**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

I.    **THE PRIVATE INTEREST FACTORS FAVOR TRANSFER**

**Convenience of Non-Party Witnesses and Availability of Compulsory Process.** Uniloc 2017 ("Uniloc") does not dispute that the Northern District is more convenient for, and has absolute subpoena power over, the non-party witnesses identified by Google. (Dkt. 142 ("Resp.") at 12-13.) Instead, Uniloc argues that the information these witnesses possess is available from Uniloc. (*Id.* at 4-5.) But this contradicts Uniloc's own representations throughout venue discovery, including that it "cannot tender a witness with knowledge concerning relationships between '▇▇▇ Entities' to the extent such relationships do not involve Uniloc 2017." (Ex. AAA at 2.)[1] While Uniloc claims that information about the ▇▇▇ platform can be obtained from Uniloc, (Resp. at 4), Mr. Etchegoyen refused to answer questions on the same Rule 30(b)(6) topic. (Ex. E at 118:19-119:14; Ex. AAC; Dkt. 106 at 2-3.) Since Google cannot get the necessary information it seeks from Uniloc, these third parties are relevant considerations to Google's Motion.[2]

While Uniloc submitted declarations from non-party witnesses Messrs. ▇▇▇ and Palmer, it did not address the willingness of the other non-party witnesses that Google identified. Almost all of the other relevant current or former ▇▇▇ employees who also are or were Uniloc and/or CF Uniloc officers, such as Messrs. Levy, Furstein, Palmer, Shtein, and Briger, Jr., and Mses. Moreland, Sorkin, and Johnson, reside in the Northern District and may be compelled by the Northern District, not the Eastern District, to testify to the extent they are not willing witnesses. (Dkt. 94 ("Mot.") at 7.) Uniloc does not dispute this. These current and former ▇▇▇ employees

---

[1] ▇▇▇

[2] Chad Meisinger, Michael Ford, and Scott Maynard are not Uniloc employees and are therefore non-parties in this case. (Dkt. 94 ("Mot." at 5.) Tellingly, Uniloc still omits whether Mr. Ford is in Roseville, California within the subpoena power of the Northern District despite the purported ease in obtaining this information. (*See* Resp. at 4; Ex. E at 117:2-13.)

1

have relevant information likely not available from Uniloc, such as ▮▮▮ internal communications about the ▮▮▮ and ▮▮▮ internal assessments of Uniloc and its patents. (Mot. at 7-8; *see also, e.g.*, Ex. AA at §§ III.A, B; Ex. AAD at Topic Nos. 3-4, 9-10, 13-14, 16-18.)

Uniloc also does not dispute that many prior artists are in the Northern District and none are in the Eastern District. (Resp. at 9-12; *id.*, Richins Decl., ¶¶ 8, 24.) Contrary to Uniloc's generalization, (Resp. at 9), Google routinely calls prior artists to testify at trial. *See, e.g., SimpleAir, Inc. v. Google Inc.*, No. 2:14-cv-11, Dkt. 308 at 2 (E.D. Tex. Sept. 30, 2015); *ContentGuard Holdings, Inc. v. Google Inc.*, No. 14-cv-61 (E.D. Tex.). Prior artists residing outside both districts (Resp. at 9-10) are irrelevant. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014).

For its part, Uniloc does not identify a single relevant non-party witness in this District who is tied to any claims or defenses to be *presented at trial*. Uniloc incorrectly conflates the issue of improper venue under Section 1400(b) with transfer under Section 1404(a) and makes no effort to show that the non-parties ▮▮▮ that Uniloc identified are relevant to issues to be tried in this case. (Resp., Background, §§ D, F.) Therefore, as a matter of law, the non-parties ▮▮▮ cannot be considered in determining which forum is more convenient. *See, e.g.*, *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-513-JRG, 2018 WL 2329752, at *3 (E.D. Tex. May 23, 2018).

**Convenience of Party Witnesses.** Uniloc does not dispute that the location of employee witnesses Google identified favor the Northern District.[3] ▮▮▮

---

[3] The majority of the relevant Google witnesses reside in the Northern District, including ▮▮▮, all of whom have information concerning the development and/or functionality of the two-step verification functionality. (Dkt. 94, at 2; Dkt. 94-4.) Uniloc took the deposition of ▮▮▮.

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

█████████████████████████ Uniloc further calls Google's Amended Initial Disclosures a "bald and self-serving assertion" without any explanation. (Resp. at 12.) The Northern District is also closer to the residence of the top two Uniloc executives, Messrs. Etchegoyen (who is also the named inventor of the asserted patent) and Turner. (Mot. at 2-3.) Uniloc provides no support for its assertion that Mr. Etchegoyen's "preference" for this District holds any weight in the transfer analysis, particularly because Mr. Etchegoyen lives and works closer to the Northern District. Additionally, if the ████ employees who are also Uniloc 2017 officers are deemed party witnesses, then the Northern District is more convenient for at least Messrs. Briger, Jr., Furstein, Palmer, and Levy, and Mses. Moreland and Sorkin, all of whom reside in the Northern District. (*Supra*, Section I.)

Uniloc admits that its only tie to this District is its office in Tyler. Uniloc does not dispute that its employees do not live in this District and further fails to identify which Texas employees "live near this District,"[4] where they live, or how often they "at times, work out of Uniloc's Tyler

---

[4] Even Uniloc's CEO and 30(b)(6) witness did not know which employees were Uniloc or Uniloc Licensing USA employees. (Mot. at 4 n.9.)

office." (Resp. at 2). Considering the convenience of all non-parties and parties, the Northern District is the more convenient forum and transferring this case there does not "merely shift conveniences of the parties." (*Id.* at 13.)

**Access to Sources of Proof.** Uniloc does not deny that many sources of proof are in California or the Northern District. Uniloc's main argument boils down to its physical documents in Tyler, which it has not produced. (Resp. at 8-9.) Further, these physical documents apparently are also stored on Uniloc's Irvine server.[5] Uniloc claims without any support that USPTO correspondence are part of these physical documents. (Resp. at 2.) Nonetheless, such correspondence has minimal, if any, relevance given that the very same documents are publicly available based on this Court's prior finding and correspondence on non-asserted patents has no relevance in this case. (Ex. G at 10.) Uniloc's claim that it can directly provide information about ▬▬▬▬ is baseless (*supra*, Section I), and evidence from the prior artists will likely come from California or the Northern District and not from Texas or the Eastern District. (*Id.*)

**No Practical Problems With Transfer.** This case is in its early stages. Google diligently filed its initial motion to transfer on June 28 (Dkt. 56) and its renewed motion to transfer on October 18 (Dkt. 94) after the Court granted venue discovery (Dkt. 61). While the Court has set the *Markman* hearing date for early January, motions to transfer are "to be decided based on the situation which existed when suit was instituted." *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (citation and quotation marks omitted).)

## II. UNILOC FAILS TO REBUT THAT PUBLIC FACTORS FAVOR TRANSFER

**The Northern District Has A Stronger Localized Interest.** Uniloc is incorrect that the

---

[5] ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Eastern District "has at least as much interest in the outcome of this case as the CAND." (Resp. at 14.) Uniloc does not dispute that Google is headquartered in the Northern District (Mot. at 2); Google has been in that district for over two decades. Most of the employees who developed the accused product work and reside in the Northern District. (Mot. at 2.) Many of the non-parties, including ███ employees, the inventor of the asserted patent, non-party Uniloc employees, or prior artists, reside in or near the Northern District. (Mot. at 4-8.) Uniloc also does not dispute that it was not registered as a business in Texas at the time of filing. (Mot. at 3; *EMC*, 501 F. App'x at 976.) In contrast, the only relevant connection to this District is Uniloc's Tyler office. (*Supra*, Section I.) Google has no offices in this District and Uniloc has identified no relevant witnesses who reside in the Eastern District. (*Id.*) Uniloc's argument that "Google's infringing activity that gives rise to this suit occurs in this District" is illogical since it applies equally to other districts, including the Northern District. (*TS Tech*, 551 F.3d at 1321; *see also* Mot. at 14-15.)

**Court Congestion Favors Transfer.** Uniloc's claim that "[c]ourt congestion weights against transfer" is unfounded. (Resp. at 13.) The case statistics the Court relied on in its order include cases filed since January 1, 2008; the recent case statistics from the same source for cases filed since January 1, 2016 favor the Northern District. The Northern District's median time to trial is 14.5 months compared to the Eastern District's 18.5 months. (Ex. AAF.) Accordingly, this factor weighs slightly in favor of transfer.

Dated:  December 30, 2019                                    Respectfully submitted,

/s/ *Michael E. Jones*

Michael E. Jones
State Bar No. 10929400

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Michael A. Berta
Michael.berta@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3277

Nicholas H. Lee
Nicholas.lee@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4156

David A. Caine
David.Caine@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA  94306-3807
Tel: 650-319-4710

Nicholas M. Nyemah
nicholas.nyemah@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC  20001-3743
Tel: 202-942-6681

Mark J. Samartino
mark.samartino@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

        70 W Madison, Suite 4200
        Chicago, IL 60602
        Tel: 312-583-2300

        *Attorneys for Google LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on December 30, 2019. I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on December 30, 2019.

*/s/ Michael E. Jones*
Michael E. Jones

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and all supporting declarations and exhibits thereto are being filed under seal pursuant to the terms of the Protective Order (Dkt. 51).

*/s/ Michael E. Jones*
Michael E. Jones