IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:18-cv-00504-JRG<br>**JURY TRIAL DEMANDED**<br><br>*Filed Under Seal* |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION TO TRANSFER VENUE**[1]

---

[1] Cites to Uniloc's exhibits herein refer to the exhibits attached to Uniloc's response filed in Case No. 2:18-cv-00548 or to Uniloc's sur-reply filed in the same case.

1

## A.    THE PRIVATE INTEREST FACTORS WEIGH AGAINST TRANSFER.

**Ease of access to sources of proof weighs against transfer**. Google does not dispute that the location of its documents weighs heavily against transfer. *See* Resp., Argument § A(1)(a). It is also undisputed that Uniloc's electronic documents accessible from either district and its physical documents are in this District. Thus, access to party documents disfavors transfer.

Knowing this, Google focuses primarily on "non-party" documents that can be obtained directly from Uniloc. Google's claim that it cannot obtain information about ▇ directly from Uniloc 2017 is blatantly false. Uniloc 2017 has already produced ample information about ▇.[2] The parties' disagreement over the *discoverability* of certain information relating to ▇ does not make that information "non-party" information or somehow prove that *discoverable* information about ▇ cannot be produced by Uniloc 2017.

In its -504 reply brief, Google appears to have inadvertently left in the allegation that Uniloc "does not dispute that many prior artists are in the Northern District and none are in the Eastern District," as Google's motion in the -504 case does not claim there are any prior artists in the Northern District, much less offer evidence of any.

Moreover, Google does not need documents from ▇. After filing a miscellaneous action in Delaware to compel ▇ to produce documents and witnesses, Google asked the District of Delaware to close the action because Google was "receiving from Uniloc 2017 LLC in the underlying litigations pending in the Eastern District of Texas standing- and transfer-related documents called for by Google's third-party subpoenas." *See* Uniloc Resp., Richins Decl. Ex. 8.

Even if Google did need documents from ▇, Google knows those documents would most likely come from New York, not California. In response to Google's motion to compel,

---

[2] As stated in the declaration of Uniloc's counsel, Uniloc has produced numerous documents relating to the ▇. The following are examples of documents produced by Uniloc relating to ▇: (1) Uniloc Common Production to Google Bates Nos. 0032769 – 0032772 (agreement including definition of "▇"); (2) 0033107 (same); (3) 0004456 – 0004465 (same); (4) 0010745 – 0010754 (same); and (4) 0030401 – 0030408 (excerpts of January 2019 Turner deposition relating to the ▇, including testimony specifically answering at least one question Google claims Uniloc has not answered - the location of Mr. Ford).

1

███ submitted a declaration stating that the "primary United States headquarters for ███ [███ ███████████], ███ [█████ ███████], and ███ [███████████]" is in New York. *See* Meisels Decl., ¶ 5 (attached hereto as Ex. 1 to Day Decl.). ███'s legal and compliance department is primarily based in New York and has primary control of the corporate business records of ███, ███ and ███. *Id.* at ¶ 8. ███'s legal and compliance department in New York is also "responsible for coordinating the collection and production of records and data for purposes of responding to litigation discovery requests[.]" *Id.* at ¶ 8.

**The convenience of willing nonparty witnesses weighs against transfer.** Google does not dispute in its reply that it fails to identify any willing nonparty witnesses. Google also cannot dispute that, to the extent necessary, Mr. ███ and Mr. ███ are willing to testify in this District, not the CAND.

**Compulsory process does not favor transfer.** Google fails to prove alleged third-party Uniloc or ███ witnesses have any relevant information Google cannot obtain directly from Uniloc. As Google represented to the District of Delaware, it does not need information from ███. Uniloc's objection to Google's 30(b)(6) notice that Uniloc 2017 could not tender a witness with knowledge concerning "relationships between '███ Entities' to the extent such relationships do not involve Uniloc 2017" does not prove otherwise. Google does not and cannot argue such information is relevant.

Further, as discussed above, Google does not need to obtain information about ███ from third parties. The parties' dispute about the discoverability of irrelevant, proprietary information relating to ███ does not render that information "third-party" information.

And while there is no need for testimony from ███, if this Court finds it necessary, ███████ and ███ are willing to testify in this District. *See* Day Decl., ¶ 5. Megan Johnson is no longer at ███. *Id.* ████████████████████████ have no personal knowledge of the day to day operations of Uniloc 2017 or its pending patent infringement litigations. *Id.*

As explained above, Google identifies no prior artists in the CAND in the -504 case. It's

allegation that there are "many" prior artists in the CAND and none in this District appears to be a typo.

**The cost of attendance for party witnesses does not favor transfer.** Google does not dispute that there are no Uniloc party witnesses in the CAND. Further, this District is more convenient for Uniloc party witnesses. For Mr. Pedersen, travel from New Jersey to San Francisco is significantly less convenient than travel to this District. For Mr. Etchegoyen and Mr. Turner, the cost of traveling to this District is only slightly more while the cost of food and lodging in this District is significantly less. Further, this District is more convenient for all of Uniloc's potential party witnesses because Uniloc has an office in this District where they can meet. The Uniloc employees that live near this District are identified in the Turner Declaration attached to Uniloc's response. Uniloc Resp., Turner Decl. ¶ 2.

Google fails to offer admissible evidence concerning the identity of its own potential party witnesses.



---

[3] Uniloc Resp., Richins Decl., Ex. 12 at 36:16 – 37:17; 49:15 – 50:6; 57:19-23; 58:3 – 59:16; 67:7-68:24.

[redacted]

**Other practical problems weigh against transfer.** Practical problems weigh against transfer because the parties have begun *Markman* briefing and this Court has invested itself in this case, including by the appointment of technical advisors. Google argues these events should be ignored because they occurred after filing. Under Google's erroneous reasoning, the advanced stage of a case would never be considered during transfer analysis.

### B. THE PUBLIC INTEREST FACTORS DO NOT FAVOR TRANSFER.

**Court congestion weighs against transfer.** This Court has recently recognized that court congestion weighs against transferring cases from this District to the CAND. The report this Court relied on included all cases filed on or after January 1, 2008, which appears to be the most comprehensive statistics (and, therefore, likely the most reliable) available from Docket Navigator. Google tries to rebut this by cherry-picking statistics accounting only for cases filed on or after January 1, 2016. Google fails to mention that average and median times to trial from the same source for all cases filed since *January 1, 2017* favor this District. Second Richins Decl., Ex. A-8. And measured by the *average* time to trial, the only way for Google to cite statistics tending to favor the CAND is to consider (as Google did) only cases filed on or after January 1, 2016. The same report, using January 1 of any other year available as the starting point (including years before and after 2016), shows the average time to trial is shorter in this District. *Id.* at Ex. A-1 – A-10.

**The CAND does not have a stronger localized interest than this District.** Unable to point to any ties Uniloc has to the CAND, Google continues to rely on general ties to California and alleged third-party ties to California. The connection of third parties to the CAND does not give the CAND a localized interest in this litigation. Uniloc 2017 and its predecessor entities have been in this District for more than a decade. Uniloc 2017 has no office or employees in the CAND.

This District has at least as much interest in the outcome of this case as the CAND.

## CONCLUSION

On balance, the private and public interest factors weigh against transfer. Thus, because Google has not met its "substantial burden" in showing that a transfer to the CAND is "clearly more convenient," its Motion should be denied.

Dated: January 13, 2020

Respectfully submitted,

/s/ James L. Etheridge

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis Lee Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
**ATTORNEYS FOR UNILOC**

## CERTIFICATE OF SERVICE

I certify that on January 13, 2020 the foregoing document was served upon all counsel of record by email.

/s/ Travis Lee Richins
Tavis Richins

5

## CERTIFICATE TO FILE UNDER SEAL

I certify that this response is being filed under seal pursuant to the protective order entered in this case.

/s/ *Travis Lee Richins*
Travis Richins